**Tanya Murphy GONZALES, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 88–7173.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 5, 1990 *.

Decided Dec. 17, 1990.

Michael A. Mullery, and Nora Privitera, San Francisco, Cal., for petitioner.

Steven Barrios, Office of Immigration Litigation, Civ. Div., U.S. Dept. of Justice, Washington, D.C., for respondent.

Before SCHROEDER and BRUNETTI, Circuit Judges, and BREWSTER **, District Judge.

BRUNETTI, Circuit Judge:

Tanya Gonzales petitions the Board of Immigration Appeals ("BIA") order deny-

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

** Honorable Rudi M. Brewster, United States District Judge for the Southern District of California, sitting by designation.

ing her Motion to Reopen Deportation Proceedings. Gonzales argued that new evidence of rehabilitation and hardship entitled her to a discretionary waiver under Section 212(c) of the Immigration and Nationality Act ("Act"). The BIA found that Gonzales was statutorily ineligible for relief under Section 212(c) because she was no longer a lawful permanent resident. This court has jurisdiction under 8 U.S.C. § 1105a(a). We deny the petition.

## FACTS

Gonzales is a citizen of the United Kingdom. She was admitted to the United States as a lawful permanent resident in 1963 when she was seven years old. Gonzales is married to a United States citizen and has three children who are United States citizens. The children are presently living with Gonzales's brother.

In 1976, Gonzales was convicted in California of receiving stolen property and placed on probation for three years. In 1983, she was convicted and fined for disturbing the peace. In 1984, she was convicted for aiding and abetting an armed robbery and sentenced to three years in prison. In 1985, Gonzales was convicted of being under the influence of heroin and possession of a hypodermic needle. While in prison, Gonzales voluntarily attended all offered drug abuse and counseling programs, apparently successfully completing them. In 1987, upon her release from prison, the Immigration and Naturalization Service issued an Order to Show Cause charging her with deportability under 8 U.S.C. § 1251(a)(4) for conviction of a crime involving moral turpitude committed within five years after entry. An additional charge was added for conviction of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct.

At the deportation hearing on January 22, 1987, the petitioner admitted her deportability on the additional charge and stated, "I believe that deportation is discretionary and we would like to show cause why that discretion should be exercised in her favor although she is legally deporta-

ble." The Immigration Judge ("IJ") then proceeded to treat the hearing as a proceeding on the merits of an application for a waiver of deportability pursuant to Section 212(c) of the Act. The IJ found that "[n]o serious question has been raised with regard to unrelinquished domicile." There was thus no issue as to the statutory eligibility under Section 212(c).

In an oral decision, the IJ denied the petitioner's application for a waiver of deportability pursuant to Section 212(c). The IJ considered evidence of her criminal record, family ties in the United States, duration of residence, hardship, and proof of rehabilitation in determining whether a waiver of deportation should be granted. The IJ concluded:

> The most compelling factor to grant this respondent the relief which she seeks is the period of time she has been in the United States and the age at which she entered the United States. But on the state of this record given this respondent's criminal conduct in the United States, the question that must be addressed by this court is whether this respondent has demonstrated satisfactory rehabilitation in terms of that criminal behavior. On the state of this record, the court can make no such finding. Therefore, the waiver of deportability at this time is denied.

Gonzales appealed the IJ's order to the BIA, arguing that the IJ abused his discretion in denying the 212(c) waiver. On June 18, 1987, the BIA upheld the IJ's decision and dismissed petitioner's appeal. The BIA concluded,

> After independently reviewing the facts presented, together with the criteria for consideration [of Section 212(c)], we must conclude that the immigration judge did not abuse his discretion in denying [Gonzales] the discretionary relief under section 212(c) of the Act.

Gonzales did not appeal the BIA's decision to this court. On December 2, 1987, petitioner filed a motion with the BIA to reopen her deportation proceedings to consider additional new evidence regarding rehabilitation and hardship. On March 8,

**238**

1988, the BIA denied her motion. The BIA stated,

> to be eligible for relief under section 212(c), a respondent must be an alien lawfully admitted for permanent residence and must have a "lawful unrelinquished domicile" of seven consecutive years. This respondent's status as a lawful permanent resident ended when her deportation order became administratively final....
>
> As the respondent neither is a lawful permanent resident of the United States nor has an unrelinquished lawful domicile, she is no longer statutorily eligible for relief under section 212(c)....

Gonzales filed a timely appeal to this court.

## ANALYSIS

■ The question we address is whether the BIA erred in denying Gonzales's motion to reopen on the grounds that she is statutorily ineligible for relief under Section 212(c). Because the denial of Gonzales's motion to reopen was based on a determination of law, we review the BIA's decision de novo. *Wall v. Immigration and Naturalization Service,* 722 F.2d 1442, 1444 (9th Cir.1984).

Section 212(c) of the Immigration and Nationality Act provides:

> Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General.... 8 U.S.C. § 1182(c).

■ Although the language of section 212(c) refers only to the *admission* of aliens otherwise subject to grounds of exclusion, it has been interpreted to apply in deportation proceedings. *See Tapia–Acuna v. Immigration and Naturalization Service,* 640 F.2d 223, 224 (9th Cir.1981). Section 212(c) thus provides discretionary relief from deportation for aliens lawfully admitted for permanent residence who have accrued seven consecutive years of lawful unrelinquished domicile. *Avila–*

*Murrieta v. I.N.S.,* 762 F.2d 733, 734 (9th Cir.1985) (citing 8 U.S.C. § 1182(c); *Tapia–Acuna, supra* ).

"Lawfully admitted for permanent residence" is defined in the Act as "the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, *such status not having changed.*" 8 U.S.C. § 1101(a)(20) (emphasis added). Eligibility for a discretionary waiver under Section 212(c) thus requires the petitioner (1) be presently a lawful permanent resident of the United States and (2) have a lawful unrelinquished domicile for seven consecutive years.

■ The regulations promulgated under the Act provide, "an order of deportation ... shall become final upon dismissal of an appeal by the Board of Immigration Appeals." 8 C.F.R. § 243.1 (1990). In the present case, the IJ's deportation order became administratively final on June 18, 1987, when the BIA dismissed Gonzales's appeal. Once the deportation order became administratively final, Gonzales lost her status of being "lawfully accorded the privilege of residing permanently in the United States," 8 U.S.C. § 1101(a)(20), and she no longer had a lawful domicile in the United States.

In *Wall v. I.N.S.,* 722 F.2d 1442, (9th Cir.1984), a British citizen and permanent resident of the United States was ordered deported by an Immigration Judge. Wall appealed to the BIA which rejected the appeal. Wall then petitioned to this court for review. While his petition was pending he applied to the BIA for a discretionary waiver under Section 212(c). The BIA denied the motion to reopen on the grounds that his lawful domicile terminated when the BIA affirmed the IJ's deportation order. This court sustained the petition, and remanded the case to the BIA to determine whether to reopen Wall's case.

The court in *Wall* contrasted the case before it with *Matter of Lok,* 681 F.2d 107 (2d Cir.1982). In *Lok,* the petitioner failed to appeal the IJ's order of deportation. When the time to appeal the deportation

order to the BIA expired, the IJ's order became final. *Id.* at 110 (citing 8 C.F.R. §§ 242.21, 243.1). Lok then applied for a waiver under section 212(c). The BIA denied the application because once the order was final he was no longer a lawful permanent resident. The second circuit affirmed, concluding, "Once Tim Lok's order for deportation was not timely challenged on the merits, he resided in the United States ... as a matter of grace, not law." *Id.*

The facts in *Wall* were similar but for the fact that Wall had petitioned to this court for review of the merits of his deportation order. This court sustained Wall's petition, concluding that Wall was eligible for relief under Section 212(c), reasoning that because "Wall had challenged the Board's deportability decision on petition to this court for review, his continued presence in the United States after the administrative adjudication of deportability was a matter of law, not grace." [1]

Gonzales's situation is similar to the situation in *Lok.* The IJ's order of deportation was final and, unlike the situation in *Wall*, Gonzales had not sought review in this court. Her continued presence in this country was, like Lok's, a matter of grace, not law.

*Wall* was followed by *Avila–Murrieta v. I.N.S.*, 762 F.2d 733 (9th Cir.1985). In *Avila–Murrieta*, the petitioner was ordered deported by an Immigration Judge. Avila–Murrieta appealed to the BIA and the BIA affirmed the IJ's order. Avila–Murrieta was then granted a stay of deportation while he moved to reopen his case. Avila–Murrieta, like Gonzales, did not petition this court for review of the order of deportation. When Avila–Murrieta moved to reopen his case before the BIA, the BIA denied the motion on the grounds that Avila Murrieta's lawful domicile in the United States terminated when the BIA affirmed the IJ's deportation order. This court affirmed the BIA's ruling. *Avila–Murrieta* thus faced the question not presented by either *Wall* or *Lok* of "whether the time

awaiting discretionary relief under section 212(c) should also accrue toward that section's seven-year requirement when the merits of deportation are not challenged." This court concluded that it did not. *Id.* at 736.

Gonzales argues that her case is distinguishable from *Lok* and *Avila–Murrieta* because they involve situations in which the alien, who had not been in the United States for seven years until some point after deportation proceedings had begun, contended that he should be able to count the time spent in the United States while his case was still pending before the BIA and the courts toward the seven years of lawful unrelinquished domicile required by the statute. Gonzales argues that she satisfied the seven year requirement long before deportation proceedings had begun. This distinction, however, does not help her. There is no dispute that Gonzales was eligible for 212(c) relief when the deportation proceedings against her began. She received a hearing on her application for a 212(c) waiver and a review of that hearing on appeal before the BIA. The question is whether she was eligible under the statute *at the time of her motion to reopen.* Eligibility under Section 212(c) at one time does not make the petitioner permanently eligible. To be eligible, the petitioner must be *presently* lawfully admitted for permanent residence. 8 U.S.C. § 1101(a)(20). At the time of her motion to reopen, almost six months after her deportation order became final (and while no petition to review was pending), Gonzales was no longer lawfully permanently residing in the United States and therefore no longer eligible for a discretionary waiver.

Gonzales claims that even if these cases apply they should not be followed because in her view an absurd result would ensue if the statute is read, as required by *Lok* and *Avila–Murrieta*, to terminate the lawful permanent residency of aliens in her position. Gonzales relies on *Rivera v. I.N.S.*, 791 F.2d 1202 (5th Cir.1986), *vacated*, 810

---

1. *But see Torres–Hernandez v. I.N.S.*, 812 F.2d 1262 (9th Cir.1987) (petitioner not permitted to count time that case is on appeal to circuit court toward seven year requirement when the appeal is frivolous).

**240**

F.2d 540 (5th Cir.1987), *reh'g denied en banc*, 816 F.2d 677 (5th Cir.1987), for support of her "absurd result" theory. *Rivera* stated that "[t]he position of the INS creates a 'Catch–22': the alien applies for section 212(c) relief because he or she has been found deportable, but because the alien is deportable and therefore is no longer a lawful permanent resident, he cannot apply for relief." *Id.* at 1205. Such an interpretation, *Rivera* stated, "essentially makes the discretionary relief provided by section 212(c) unavailable in the deportation context." *Id.* Upon rehearing, however, the fifth circuit reversed itself. *Rivera v. I.N.S.,* 810 F.2d 540 (5th Cir.1987), *reh'g denied en banc,* 816 F.2d 677 (5th Cir. 1987). "[W]e are now convinced," the court stated, "that no 'Catch–22' is created for the alien by the rule adopted in *Lok* and in this case. The regulations allow the alien to apply for section 212(c) relief and fully reserve all of his arguments that he is not deportable." *Id.* (citing 8 C.F.R. § 242.17(e) (1986))."

Even if Gonzales's interpretation of these cases were correct, the question of whether a resident alien who concedes deportability at her deportation hearing is ineligible for 212(c) relief before an order of deportation is final is not before us. The IJ provided a full hearing on Gonzales's application for a 212(c) waiver after finding that she was eligible for the waiver. At the time of her motion to reopen, however, she no longer had a lawful domicile in the United States, not because she conceded deportability at the deportation hearing, but because the IJ's order of deportation, once affirmed by the BIA, had become final.

Finally, if Section 212(c) were available to persons after an order of deportation is made final, then such applications would never end. An alien who was a lawful permanent resident for seven years and is then deported would, if Gonzales's argument is adopted, be eligible for 212(c) waiver indefinitely, even after being deported. The status of the deported alien is, under the immigration laws, no different from Gonzales's status at the time of her motion to reopen. The fact that Gonzales has not

yet been physically deported has no effect on her status under the immigration laws. Congress, by requiring that 212(c) be available only to those "lawfully admitted for permanent residence" placed a limitation on such proceedings.

CONCLUSION

Gonzales was eligible to apply and did apply for a discretionary waiver under Section 212(c) and to have the IJ's order reviewed by the BIA. She also could have petitioned this court for review of the denial of her 212(c) application. She does not, however, have a right, under the statute, to continue to apply for a waiver once her deportation order becomes final. To rule otherwise would be contrary to the language of the statute, case law, and would permit endless applications for waivers even after physical deportation.

The petition is DENIED.