**Desmond Anthony ARTHURS, Petitioner,**

v.

**U.S. IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 91–70673.

United States Court of Appeals, Ninth Circuit.

Submitted to Motions Panel Jan. 29, 1992.*

Decided March 18, 1992.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Desmond Anthony Arthurs, pro se.

Emily A. Radford, U.S. Dept. of Justice, Washington, D.C., for respondent.

Before WALLACE, Chief Judge, SNEED and ALARCON, Circuit Judges.

Petitioner Arthurs was ordered deported based on his conviction in California Superior Court for the sale of cocaine. The Board of Immigration Appeals dismissed his appeal from the Immigration Judge's order of deportation, and he filed this petition for review. He also asks for a stay of deportation.

■ The Immigration and Naturalization Service opposes Arthurs' request for a stay. It asserts that because Arthurs is an "aggravated felon," he is not entitled to an automatic stay of deportation. *See* 8 U.S.C. § 1105a(a)(3). Moreover, it argues

that the equities do not favor granting Arthurs a stay as a matter of discretion.

A conviction for the sale of cocaine under either state or federal law is an "aggravated felony" within the meaning of the Immigration and Nationality Act. 8 U.S.C. § 1101(a)(43); 21 U.S.C. § 802(17)(D). In *Ayala–Chavez v. I.N.S.,* 945 F.2d 288 (9th Cir.1991), however, this court held that in order to qualify as an aggravated felony, a conviction must have occurred on or after November 18, 1988, the effective date of the Anti–Drug Abuse Act of 1988, which first defined the term "aggravated felony." Pub.L. No. 100–690, § 7342 (1988). The date of Arthurs' conviction was June 17, 1988, and, accordingly, under *Ayala–Chavez* he would not be an aggravated felon and would be entitled to an automatic stay of deportation.

Since *Ayala–Chavez* was decided, Congress enacted the Miscellaneous and Technical Immigration and Naturalization Amendments of 1991, Public L. No. 102–232 (December 12, 1991), which amended the Immigration Act of 1990, Pub.L. No. 101–649 (November 29, 1990). In the Technical Amendments Congress specified that a party convicted of an aggravated felony is precluded from obtaining an automatic stay of deportation, regardless of the date of conviction. Pub.L. No. 102–232, § 306(a)(11)(B). In effect, Congress has overruled this court's decision in *Ayala–Chavez.*[1] *See Landreth v. Commissioner,* 859 F.2d 643, 648 (9th Cir.1988) (circuit precedent no longer controlling where undermined by new statute). As a result of the Technical Amendments, Arthurs is an aggravated felon within the meaning of the Act and, therefore, is not entitled to an automatic stay of deportation.

■ This court could grant Arthurs' request for a stay of deportation as a matter of discretion. *See* 8 U.S.C. § 1105a(a)(3). From our review of the record, however, we find that the petition does not present a serious legal question. Accordingly, we decline to grant a discretionary stay of depor-

---

1. Although the Technical Amendments were passed after Arthurs filed this petition for review, they are effective as if they were included in the Immigration Act of 1990. Pub.L. No. 102–232, § 310.

tation. *See Artukovic v. Rison,* 784 F.2d 1354 (9th Cir.1986) (stay of extradition denied where appeal does not present serious legal question).

STAY DENIED.[2]

---

**2.** Other issues raised in this case at this time have been disposed of in an unpublished order.