

Robert C. Meltzer, Katz, Randall & Weinberg, Chicago, Ill., for petitioner.

William J. Howard, David J. Kline, Dept. of Justice, Office of Immigration Litigation, Washington, D.C., A.D. Moyer, I.N.S., Chicago, Ill., for respondent.

**Slawomir ZEGARSKI, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 92–1106.**

United States Court of Appeals, Seventh Circuit.

June 10, 1992.

ON MOTION FOR STAY
OF DEPORTATION

PER CURIAM.

This case is before the court on a motion for a stay of deportation pending review of an October 29, 1991 decision of the Board of Immigration Appeals (Board). The Board dismissed an appeal by Mr. Zegarski from the order of an immigration judge that denied his application for waiver of deportation under section 212(c) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(c). The order of the immigration judge required the deportation of Mr. Zegarski to Poland for having been convicted of drug offenses in violation of 8 U.S.C. § 1251(a)(11). The underlying drug convictions were entered by the United States District Court for the Southern District of Florida on August 22, 1986. Mr. Zegarski was convicted of conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and 18 U.S.C. § 2. According to the Board decision, Mr. Zegarski admitted that when an undercover agent offered him $2,000 to find a drug supplier he and a friend found a supplier in Florida. They

tion in determining hours reasonably expended. *See Leffler v. Meer,* 936 F.2d 981, 985 (7th Cir. 1991).

were arrested while attempting to complete the drug transaction that involved one kilogram of cocaine. As a consequence of the criminal conviction, Mr. Zegarski was sentenced to serve consecutive terms of four years for the conspiracy conviction and five years for the possession conviction. The five year sentence was suspended and Mr. Zegarski was instead placed on probation at the end of his four year sentence.

On January 15, 1992, Mr. Zegarski filed a petition for review in this court. Prior to 1990, the petitioner would have received an automatic stay of deportation upon the filing of his petition for review. 8 U.S.C. § 1105a(a)(3). In 1990, however, Congress authored the Immigration Act of 1990 (IMMACT) which, in part, amended 8 U.S.C. § 1105a(a)(3) to eliminate the automatic stay for aliens who have been convicted of "aggravated felonies." [1] The term "aggravated felony" was first defined in the Anti-Drug Abuse Act of 1988 (ADAA), Pub.L. No. 100-690, sec. 7342 (Nov. 18, 1988) (codified as amended at 8 U.S.C. § 1101(a)(43). On January 16, 1992, the INS took Mr. Zegarski into custody and notified him that they planned to deport him to Poland.[2]

Mr. Zegarski concedes, as he must, that a conviction for the sale of cocaine is an aggravated felony within the meaning of the Immigration and Nationality Act. 8 U.S.C. § 1101(a)(43); 21 U.S.C. § 802(17)(D). However, he argues that the aggravated felony exception to the automatic stay provision does not apply to persons whose convictions predate the ADAA. He relies upon the decision of the Ninth Circuit in *Ayala–Chavez v. INS*, 945 F.2d 288 (9th Cir.1991). In reply, the government submits that, subsequent to the Ninth Circuit's decision in *Ayala–Chavez*, Congress enacted technical amendments to the automatic stay provision which made clear

that the aggravated felony exception was completely retroactive. The legislation amended the aggravated felony exception so that it applied to "convictions entered before, on or after [the effective] date." [3] Miscellaneous and Technical Immigration and Naturalization Amendments of 1991 (Technical Amendments), Pub.L. No. 102-232, 105 Stat. 1733, § 306(a)(11) (amending IMMACT § 513(b)). The government therefore submits that, whatever the merits of the *Ayala–Chavez* decision prior to Congress' action, Congress has now spoken directly to the point and made clear that deportations of aggravated felons are not to be automatically stayed regardless of the date of the convictions.

Recently, in *Arthurs v. INS*, 959 F.2d 142 (9th Cir.1992), the Ninth Circuit recognized that, by these technical amendments, Congress had overruled the decision in *Ayala–Chavez*. The Court recognized "that a party convicted of an aggravated felony is precluded from obtaining an automatic stay of deportation regardless of the date of conviction." *Id.* The Fifth Circuit has also arrived at the same conclusion. *See Ignacio v. INS*, 955 F.2d 295 (5th Cir. 1992). After reviewing the statutory language, we are convinced that our colleagues in the other circuits have chosen the correct course and explicitly express our agreement with them.

This court could grant Mr. Zegarski a stay of deportation as a matter of discretion. *See* 8 U.S.C. § 1105a(a)(3). On the pleadings before us, we see no ground for such a stay.

STAY DENIED

---

1. The provision now reads, in relevant part: The service of the petition for review ... shall stay the deportation of the alien pending determination of the petition by the court, unless the court otherwise directs or unless the alien is convicted of an aggravated felony, in which case the Service shall not stay the deportation of the alien pending determination of the petition unless the court otherwise directs.

2. The court has temporarily stayed the petitioner's deportation pending a ruling on his motion for stay.

3. The technical amendment "take[s] effect as if included in the enactment of the Immigration Act of 1990." Technical Amendments § 310(1).