977 F.2d 591
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ademuyiwa Adeogun THOMPSON, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70092.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1992.*
Decided Oct. 1, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ademuyiwa Adeogun Thompson, a native and citizen of Nigeria, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from the immigration judge's ("IJ") decision finding him ineligible for relief from deportation. Thompson contends that (1) the BIA erred in finding Thompson statutorily ineligible for discretionary relief from deportation; (2) the BIA erred by failing to balance the equities in his case; (3) the Immigration and Naturalization Service ("INS") violated Thompson's right to an expeditious hearing pursuant to 8 U.S.C. § 242(i); (4) the IJ erred in finding Thompson deportable as an aggravated felon; and (5) his deportation violates the double jeopardy clause. We review the BIA's dismissal for an abuse of discretion. Baires v. INS, 856 F.2d 89, 91 (9th Cir.1988). We accept the petition for review and reverse and remand.
 
 
 3
 * Background
 
 
 4
 On January 10, 1985, Thompson became a permanent resident of the United States. In 1990, he was convicted of selling cocaine. On the basis of that conviction, the INS issued an order to show cause why Thompson should not be deported pursuant to 8 U.S.C. §§ 1251(a)(2)(iii), and (a)(2)(B)(i) as an alien convicted of the aggravated felony of trafficking in a controlled substance. On November 15, 1991, at his deportation hearing, Thompson conceded deportability, but requested the IJ to grant him discretionary relief from deportation pursuant to section 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c).[1] The IJ found Thompson statutorily ineligible for 212(c) relief and ordered him deported. Thompson appealed the IJ's decision to the BIA. On January 10, 1992, seven years passed from the date that Thompson became a permanent resident. On January 29, 1992, the BIA issued its decision finding Thompson statutorily ineligible for 212(c) relief.
 
 II
 Merits
 
 5
 A. Eligibility Under Section 212(c): Seven-Year Lawful Domicile
 
 
 6
 To be considered for a section 212(c) waiver of deportation, an alien must have seven years of lawful domicile in the United States. See 8 U.S.C. § 1182(c); Tapia-Acuna v. INS, 640 F.2d 223, (9th Cir.1981). This seven-year period begins to run from the date the alien is admitted as a lawful permanent resident. Castillo-Felix v. INS, 601 F.2d 459, 467 (9th Cir.1979). It terminates when the BIA affirms the IJ's order of deportation unless the alien appeals the deportation order on its merits to the court of appeals. See Gonzales v. INS, 921 F.2d 236, 240 (1990) (alien "no longer had a lawful domicile in the United States not because she had conceded deportability at the deportation hearing, but because the IJ's order of deportation, once affirmed by the BIA, had become final"); Avila-Murrieta, 762 F.2d 733, 736 (9th Cir.1985); see also Wall v. INS, 722 F.2d 1442 (9th Cir.1984) (seven-year period accrues while alien appeals merits of deportation order to the court of appeals).
 
 
 7
 Thompson's seven-year statutory period began to run on January 10, 1985, the date that Thompson obtained permanent residency in the United States. See Castillo-Felix, 601 F.2d at 467. Thompson met the seven-year statutory period on January 10, 1992, while his appeal was pending before the BIA. Because Thompson had established the statutorily required seven-year period of lawful domicile during the pendency of his appeal to the BIA, the BIA erred by finding him statutorily ineligible for 212(c) relief and by failing to remand the case to the IJ for consideration of the discretionary relief under section 212(c). See Gonzales, 921 F.2d at 240. Accordingly, we remand the case to the BIA with instructions to remand to the IJ for consideration of Thompson's application for section 212(c) relief.
 
 
 8
 B. Expeditious Proceedings Pursuant to Section 1252(i)
 
 
 9
 Section 1252(i) of the INA, 8 U.S.C. § 242(i) provides for deportation proceedings to commence as expeditiously as possible after the alien's conviction.[2]
 
 
 10
 Here, Thompson was convicted in May 1990. The INS issued an order to show cause against him on May 1991, and Thompson's deportation hearing was held in November 1991. Under these circumstances, we cannot say that as a matter of law, the INS did not commence deportation proceedings as expeditiously as possible. Even if were to find that the INS had unreasonably delayed initiating the proceedings, Thompson has failed to demonstrate or even to allege any prejudice resulting from the delay.[3] See Mohsseni Behbahani v. INS, 796 F.2d 249, 251 (9th Cir.1986) (alien must demonstrate prejudice to prevail on due process claim on appeal).
 
 C. Aggravated Felony Under the INA
 
 11
 Thompson contends that because his conviction documents do not charge him with an aggravated felony, he cannot be deported on that basis. Thompson's contention lacks merit. "A conviction for the sale of cocaine under either state of federal law is an aggravated felony within the meaning of the INA." Arthurs v. INS, 959 F.2d 142, 143 (9th Cir.1992); 8 U.S.C. § 1101(a)(43) ("illicit trafficking in any controlled substance" constitutes an aggravated felony and renders an alien deportable). Thus, for immigration purposes the determining factor is that Thompson has been convicted of an aggravated felony as defined by the INA, not that he was criminally charged as an aggravated felon. See Arthurs, 959 F.2d at 143.
 
 D. Double Jeopardy Clause
 
 12
 Thompson's double jeopardy claim lacks merit. Deportation is a civil action and not a punishment for a crime. See INS v. Lopez-Mendoza, 468 U.S. 1032, 1038 (1984). Accordingly, the double jeopardy clause does not apply in deportation proceedings. See LeTourneur v. INS, 538 F.2d 1368, 1370 (9th Cir.1976), cert. denied, 429 U.S. 1044 (1977).
 
 
 13
 PETITION FOR REVIEW GRANTED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 212(c) provides the Attorney General with discretion to waive deportation to lawful permanent resident aliens who have accrued seven years of lawful domicile in the United States. See 8 U.S.C. § 1182(c); Tapia-Acuna v. INS, 640 F.2d 223, 242 (9th Cir.1981)
 
 
 [2]
 This section states that: "In the case of an alien who is convicted of an offense which makes the alien subject to deportation, the Attorney General shall begin any deportation proceedings as expeditiously as possible after the date of the conviction." 8 U.S.C. § 242(i)
 
 
 [3]
 Moreover, this court has also held that section 1252(i) does not provide aliens with a private right of action. See Soler v. Scott, 942 F.2d 597, 601-604 (9th Cir.1991). For violations of section 1252(i), the petitioner's recourse is to seek a writ of mandamus or pursue a cause of action under the Administrative Procedure Act to compel the INS to initiate deportation proceedings. See id