978 F.2d 1265
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose LUNA-FLORES, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-70260.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1992.*
Decided Nov. 10, 1992.
 
 Before SCHROEDER, FLETCHER and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Luna-Flores, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from the Immigration Judge's ("IJ") decision finding him statutorily ineligible for a section 212(c) waiver of deportation.[1] We review the BIA's dismissal for an abuse of discretion. Baires v. INS, 856 F.2d 89, 91 (9th Cir.1988). We deny the petition for review.
 
 
 3
 Luna-Flores entered the country as a permanent resident alien in 1971, as an immediate relative to his United States citizen spouse. It appears that his wife's marriage was later found to be bigamous, and consequently, the IJ ordered Luna-Flores deported in 1972. Luna-Flores did not appeal the IJ's order of deportation, and left the United States in 1973, under a grant of voluntary departure. A short time later, he illegally reentered the country using his green card which, for an unknown reason, had not been confiscated. In 1986, Luna-Flores was convicted of drug possession and was ordered deported in 1987 on the basis of that conviction. At that time, he applied for a section 212(c) waiver of deportation which the IJ denied. The IJ found that because Luna-Flores was not a permanent resident and had not established seven years of unrelinquished lawful domicile in the United States, he was statutorily ineligible for section 212(c) relief. A. Lawful Domicile & Permanent Resident Status.
 
 
 4
 Luna-Flores contends that he is statutorily eligible for section 212(c) relief because he left the country under a grant of voluntary departure rather than pursuant to a deportation order. He contends, therefore, that because he voluntarily departed from the United States he never lost his permanent resident status nor did he relinquish his seven years of continuous lawful domicile as required by the Immigration and Nationality Act. 8 U.S.C. § 1182.
 
 
 5
 To be eligible for a section 212(c) waiver of deportation, an alien must be a permanent resident of the United States and must have seven years of lawful domicile in the United States. See 8 U.S.C. § 1182(c); Tapia-Acuna v. INS, 640 F.2d 223, 224 (9th Cir.1981). The seven-year period begins to run from the date the alien is admitted as a lawful permanent resident. Castillo-Felix v. INS, 601 F.2d 459, 467 (9th Cir.1979). It terminates upon a final order of deportation, as does the alien's permanent resident status. Gonzales v. INS, 921 F.2d 236, 238-240 (9th Cir.1990). An order of deportation becomes final upon dismissal of an appeal by the BIA, or upon "expiration of ... time allowed for an appeal when no appeal is taken." 8 C.F.R. § 243.1.
 
 
 6
 The privilege of voluntary departure allows the alien to avoid the "stigma of deporation, enables [him] to select his own destination, and, most importantly, facilitates the possibility of return to the United States." Tzantarmas v. United States, 402 F.2d 163, 165 n. 1 (9th Cir.1968), cert. denied, 394 U.S. 966 (1969). Voluntary departure does not, however, preserve an alien's permanent resident status, once a final order of deportation has been entered. See Gonzales, 921 F.2d at 240.
 
 
 7
 Here, Luna-Flores's lawful residence in the United States and his permanent resident status terminated in 1972, when his order of deportation became final. See id. Luna-Flores did not preserve either his lawful residency or his permanent resident status because he left the United States under a grant of voluntary departure rather than an order of deportation. Id. Accordingly, because Luna-Flores was neither a permanent resident nor had established seven years of lawful domicile at the time of his deportation hearing in 1987, the IJ correctly found him to be statutorily ineligible for a 212(c) waiver from deportation.
 
 B. Miscarriage of Justice
 
 8
 Luna-Flores attacks the validity of his 1972 deportation order, stating that it was based on the erroneous finding that his wife was involved in a bigamous marriage and that he lacked proper labor certification.
 
 
 9
 An alien may attack a final order of deportation in a subsequent deportation proceeding only if he can show that the prior order resulted in a gross miscarriage of justice. Ramirez-Juarez v. INS, 633 F.2d 174, 175-76 (9th Cir.1980). Moreover, an alien seeking judicial review of an immigration order must first exhaust his administrative remedies. See id.; 8 U.S.C. § 1105(a)(c).
 
 
 10
 Here, Luna-Flores, although represented by counsel at his 1972 deportation hearing, did not appeal the IJ's final order of deportation. Moreover, although he states that the previous deportation order resulted in a miscarriage of justice, he fails to offer any evidence to support this assertion. Accordingly, because Luna-Flores did not exhaust his administrative remedies and because he has failed to demonstrate a "gross miscarriage of justice" he may not, at this point, collaterally attack his 1972 deportation order. See Ramirez-Juarez, 633 F.2d at 175-76. We find no abuse of discretion in the BIA's dismissal of Luna-Flores's appeal. See Baires, 856 F.2d at 91.
 
 
 11
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182, provides that:
 [a]liens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General ...
 On its face, section 212(c) applies only to aliens seeking admission into the United States. Nevertheless, we have held that section 212(c) relief is also available in the deportation context. See, e.g., Ayala-Chavez v. INS, 944 F.2d 638, 640 n. 2 (9th Cir.1991).