March 31, 1993
UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 92-2093

NESTOR OMAR BARREIRO,

Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE,

Respondent.

PETITION FOR REVIEW OF AN ORDER

OF THE BOARD OF IMMIGRATION APPEALS

Before

Selya, Circuit Judge,

Aldrich, Senior Circuit Judge,

and Cyr, Circuit Judge.

Jeremiah Friedman with whom Harvey Kaplan, Kaplan, O'Sullivan &

Friedman, Lory D. Rosenberg and American Immigration Law Foundation

were on brief for petitioner.
Alexander Shapiro with whom Stuart M. Gerson, Assistant Attorney

General, Robert Kendall, Jr., Assistant Director, and Charles E.

Pazar, Office of Immigration Litigation, were on brief for respondent.

Denyse Sabagh, Metzger, Gordon, Scully, et al., Barbara Hines,

and Lawyers' Committee for Civil Rights Under Law of Texas, on brief

for American Immigration Lawyers Association and National Immigration
Project of the National Lawyers Guild, Inc., amici curiae.

March 31, 1993

ALDRICH, Senior Circuit Judge. Petitioner Nestor

Omar Barreiro, a 40 year old citizen of Argentina, moves for

a stay of deportation. He has been a legal permanent

resident since December 1980, is married to a United States

citizen, and has a ten year old son. In October 1984 he was

convicted in the Massachusetts Superior Court of possession

of a sizeable amount of a controlled substance with intent to

distribute and was sentenced to the mandatory term of 10 to

15 years. He was released in April 1992, having served seven

years. Meanwhile, in June 1986 respondent Immigration and

Naturalization Service (INS) issued an order to show cause

why petitioner should not be deported pursuant to

241(a)(11) of the Immigration and Naturalization Act (INA),

8 U.S.C. 1251(a)(11) (Supp. 1986), as amended 8 U.S.C.

1251(a)(2)(B)(i) (Supp. 1992), because of his conviction.

This case involves three recent enactments: the Anti-Drug

Abuse Act of 1988 (ADAA), Pub. L. No. 100-690, 102 Stat.

4181; the Immigration Act of 1990 (IMMACT), Pub. L. No. 101-

649, 104 Stat. 4978; and the Miscellaneous and Technical

Immigration and Naturalization Amendments of 1991 (TINA) Pub.

L. No. 102-232, 105 Stat. 1733.

In 1992 petitioner sought a waiver of deportation

pursuant to INA 212(c), 8 U.S.C. 1182(c) (Supp. 1992) as

a seven year domiciliate. This was denied, and the Board of

Immigration Appeals affirmed, applying the final sentence of

the section, inserted on November 29, 1990, that reads as

follows:

-2-

The first sentence of this subsection
shall not apply to an alien who has been
convicted of one or more aggravated
felonies and has served for such felony
or felonies a term of imprisonment of at
least 5 years.

IMMACT 511(a). The Board held that petitioner's

imprisonment, though largely completed prior to this

amendment, was comprehended therein. We agree.

There is no question but that petitioner's offense,

though he was convicted in a state proceeding, is an

aggravated felony, within INA 101(a)(43), 8 U.S.C.

1101(a)(43) (Supp. 1992).1 Also, although 1182(c) reads

1. (43) The term "aggravated felony"
means murder, any illicit trafficking in
any controlled substance (as defined in
section 102 of the Controlled Substances
Act), including any drug trafficking
crime as defined in section 924(c)(2) of
title 18, United States Code, or any
illicit trafficking in any firearms or
destructive devices as defined in section
921 of such title, any offense described
in section 1956 of title 18, United
States Code (relating to laundering of
monetary instruments), or any crime of
violence (as defined in section 16 of
title 18, United States Code, not
including a purely political offense) for
which the term of imprisonment imposed
(regardless of any suspension of such
imprisonment) is at least 5 years, or any
attempt or conspiracy to commit any such
act. Such term applies to offenses
described in the previous sentence
whether in violation of Federal or State
law, and also applies to offenses
described in the previous sentence in
violation of foreign law for which the
term of imprisonment was completed within
the previous fifteen years.

-3-

as limited to aliens who are returning from voluntary

absences abroad, concededly the statute, apart from the

amendment, applies equally to resident aliens who are sought

to be deported. This was established by Francis v. I.N.S.,

532 F.2d 268 (2d Cir. 1976). The court there noted that the

manifest purpose was to qualify certain aliens who had lived

here seven years to seek a waiver, in the discretion of the

Attorney General, of the exclusionary consequence of various

prohibitions in 1182(a). The court held that it would be a

denial of equal protection to distinguish between aliens

seeking readmission and those resisting deportation, and that

consequently 212(c) must be applied to include the latter.

The limited wording of the statute has not been changed, but

the Second Circuit's ruled enlargement has been recognized

ever since. Tapia-Acuna v. I.N.S., 640 F.2d 223 (9th Cir.

1981). E.g., Gouveia v. I.N.S., 980 F.2d 814 (1st Cir.

1992). Petitioner's contention that this ruling should not

apply to the amendment is frivolous. He may seek a waiver,

but must fail if his seven year imprisonment was within the

statute.

In addition to this permanent waiver, the INA

contained a presumption of a temporary stay pending judicial

appeal, 106(a)(3), 8 U.S.C. 1105a(a)(3) (Supp. 1992), the

underlined words having been added by IMMACT 513(a), and

are to "apply to petitions to review filed more than 60 days

-4-

after the date of enactment of the statute." IMMACT

513(b).

The service of the petition for review
. . . shall stay the deportation of the
alien pending determination of the
petition by the court, unless the court
otherwise directs or unless the alien is

convicted of an aggravated felony, in

which case the Service shall not stay the

deportation of the alien pending

determination of the petition of the

court unless the court otherwise directs.

Finally, on December 12, 1991 by the TINA,

306(a)(11)(B), it was provided that the IMMACT amendment

"shall apply to convictions entered before, on, or after such

date," and by 310(1), that this latter amendment "shall

take effect as if included in the enactment of the

Immigration Act of 1990."

The Board's opinion sustaining the denial of a

waiver relied on Matter of A-A-, Interim Dec. 3176 (BIA

1992), which in turn is so persuasive that we could well

simply agree, but we will further comment in light of

petitioner's persistent complaint. There is, of course, no

constitutional issue, United States v. Bodre, 948 F.2d 28,

31-32 (1st Cir. 1991), cert. denied, 112 S. Ct. 1487 (1992);

the only question is that of Congressional intent. While a

presumption against retroactivity prevails in the absence of

clearly contrary indicia, Dion v. Secretary of H.H.S., 823

F.2d 669, 671 (1st Cir. 1987), one must look at the whole

picture.

-5-

In Ayala-Chavez v. I.N.S., 945 F.2d 288 (9th Cir.

1991) the court held that only aggravated offenses committed

after November 18, 1988 receive the negative presumption of

no temporary waiver pending appeal. The TINA followed

promptly, and the Ninth Circuit recognized that

306(a)(11)(B) was intended to overrule Ayala-Chavez.

Arthurs v. I.N.S., 959 F.2d 142 (9th Cir. 1992). See also

Ignacio v. I.N.S., 955 F.2d 295 (5th Cir. 1992); Matter of A-

A-, supra. The legislative history makes clear that this was

fully recognized as a technical amendment for clarification.

Actually the amendment was introduced into and passed by the

Senate on August 1, 1991, prior to Ayala-Chavez. 137 Cong.

Rec. S11,799-804. Offering the bill, Senator Simpson

described it as "truly technical. . . . The Bill was

developed under the following rule: If any of the four

Immigration Subcommittee's staffs [Republican and Democrat of

the House and Senate] found a provision controversial or non-

technical, then it was removed." Id at S11,799. The

following November 25, post Ayala-Chavez, an identical House

bill passed. Id. at H11,245-251. The next day the Senate

made minor amendments, id. at S18,506-514, which the House

promptly accepted. Id. at H11,485-493. One of these changes

was the addition of the 'before, on, or after' amendment to

513(b).

-6-

We have two reasons for agreeing with the Board.

In the first place, we believe Ayala-Chavez was wrongly

decided. If Congress believed seven years' residence

insufficient to entitle aliens to waivers if they had served

five or more years imprisonment for committing an aggravated

felony, it makes small sense that so substantial a stricture

should not go into effect for five years from enactment. The

presumption against a retroactive interpretation is to give

fair warning so that a party may avoid consequences. This is

scarcely a situation calling for any such a warning. Five

years free time would be extraordinarily considerate,

particularly for the undeserving.

In addition, as we study the legislation and the

legislative history, we believe that although Congress

amended only 513(b), its failure to amend 511(b)

correspondingly was a simple oversight. We do not believe it

necessary, however, to detail further the several steps that

lead us to that conclusion.

Affirmed.

-7-