59 F.3d 174
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Raimundo CORREIA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70466.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Dec. 9, 1994.*
Decided: Dec. 21, 1994.
 
 1
 Petition to Review a Decision of the Immigration and Naturalization Service, No. 93-70466 BIA NO. Ali-pff-fvh.
 
 BIA
 
 2
 PETITION DENIED.
 
 
 3
 Before: BROWNING, GOODWIN, Circuit Judges, and QUACKENBUSH,** District Judge.
 
 
 4
 MEMORANDUM***
 
 
 5
 Raimundo Correia is a native and citizen of Portugal. On June 15, 1989, the U.S. Immigration and Naturalization Service ("INS") issued an Order to Show Cause against Correia, directing him to show cause why he should not be deported pursuant to Sec. 241(a)(11) of the Immigration and Nationality Act ("INA") based upon his conviction on June 30, 1988 in Providence County Superior Court, Providence, Rhode Island, of unlawfully possessing cocaine. Correia conceded that he was deportable and applied for a discretionary waiver of deportation under Sec. 212(c) of the INA, codified at 8 U.S.C. Sec. 1182(c).
 
 
 6
 An Immigration Judge ("IJ") denied Correia's petition for waiver of deportation. The Board of Immigration Appeals ("BIA") affirmed denial on de novo review. Correia then petitioned this court for review of the decision by the BIA denying his application for discretionary waiver of deportation under Sec. 212(c). Subsequent to the BIA's decision and his Petition for Review to this court, Correia moved to reopen his case before the BIA. That motion was denied and Correia filed a second Petition for Review to this court, cause No. 93-70809. However, on request by the INS, the second Petition for Review was remanded to the BIA and that matter is not before this court. We have jurisdiction over the initial Petition for Review under 8 U.S.C. Sec. 1105a, and deny the petition.
 
 
 7
 Section 212(c) allows the Attorney General to grant discretionary relief from deportation to lawful permanent residents who meet the statute's seven year residence requirement. See 8 U.S.C. Sec. 1182(c); Yepes-Prado v. INS, 10 F.3d 1363, 1365 n.2 (9th Cir. 1993). "In exercising his responsibility, an IJ must determine whether to grant section 212(c) relief based on all the facts and circumstances of a particular case, taking into account the social and humane considerations presented in an applicant's favor and balancing them against the adverse factors that evidence the applicant's undesirability as a permanent resident." Yepes-Prado, 10 F.3d at 1365-66.
 
 
 8
 Factors favoring an alien include the existence of family ties within the United States, residence of long duration in this country, hardship to the alien and family if deported, history of employment, property or business ties, community service, and, when there is a criminal record, genuine rehabilitation. Kahn v. INS, 36 F.3d 1412, 1413 & n.1 (9th Cir. 1994). Factors militating against an alien include the nature of the ground for deportation, the presence of other violations of the immigration laws, the nature, recency and seriousness of any criminal record, and the presence of any other evidence of the applicant's bad character or undesirability as a legal permanent resident. Id. at 1413 n.1.
 
 
 9
 In certain cases, particularly where the offense giving rise to the deportation order involves drugs, the favorable factors must amount to "unusual or outstanding equities." See Ayala-Chavez v. INS, 944 F.2d 638, 641 (9th Cir. 1991); In re Marin, 16 I & N. Dec. 581, 586 n.4 (BIA 1978). "A single serious crime or a pattern of misconduct can trigger a need to make this showing ...." Paredes-Urrestarazu v. INS, 36 F.3d 801, 807 (9th Cir. 1994). The existence of outstanding equities, however, does not compel a favorable exercise of discretion. Yepes-Prado, 10 F.3d at 1366.
 
 
 10
 Because the BIA conducted a de novo review of the IJ's decision, "our review is limited to the Board's decision." Charlesworth v. INS, 966 F.2d 1323, 1325 (9th Cir. 1992); see also Paredes-Urrestarazu, 36 F.3d at 807 ("[I]n cases such as this, in which the Board has exercised its power to conduct a de novo review of the IJ's decision, we review only the decision of the BIA.") We review the BIA's factual conclusions under the substantial evidence standard, and the balancing of the equities for abuse of discretion. Paredes-Urrestarazu, 36 F.3d at 807. We will set aside the decision to deny relief only if the BIA "fails to support its conclusions with a reasoned explanation based upon legitimate concerns." Vargas v. INS, 831 F.2d 906, 908 (9th Cir. 1987). "The agency must state its reasons for its decision and demonstrate that it considered all appropriate factors." Paredes-Urrestarazu, 36 F.3d at 807.
 
 
 11
 Correia argues that the BIA abused its discretion in denying relief under Sec. 212(c) by failing to properly consider his strong family ties. In denying relief to Correia on de novo review, the BIA properly balanced the social and humane considerations presented in Correia's favor against the adverse factors that evidence Correia's undesirability as a permanent resident. See Yepes-Prado, 10 F.3d at 1365-66. Among his equities, the BIA considered Correia's residence in the United States since 1969, which he began at age 14; the presence of a 16-year-old daughter and a 10-year-old son in this country, both of whom are U.S. citizens; the probability of emotional hardship for Correia and his children should he be deported; the existence of three brothers who reside in the United States, one being a U.S. citizen and the other two being permanent resident aliens; the fact no family remains in Portugal; and Correia's good and regular employment history as evidenced by testimony and letters. The BIA most certainly considered Correia's family ties and potential hardship on his children. Nonetheless, the BIA still found that Correia failed to present outstanding equities sufficient to overcome his adverse factors.[1]
 
 
 12
 The adverse factors found by the BIA consisted of Correia's repeated criminal misconduct and substance abuse, including five convictions related to drug possession, a conviction for assault on a police officer, violations of probation and court orders, and alcohol and illicit drug addiction; the fact Correia's children live with his ex-wife in Rhode Island, while Correia lives in California; lack of financial hardship to the children if Correia was to be deported; lack of undue impact on the children should Correia be deported; lack of confidence in Correia's rehabilitative prospects; Correia's failure to reform his behavior during past opportunities to do so; and Correia's continued use of illegal drugs during his deportation proceedings. Based on these negative factors, the BIA declined to grant Sec. 212(c) relief.
 
 
 13
 During the BIA appeal, Correia also advised the Board that he had recently married a U.S. citizen, avoided any substance abuse, and had no recent arrests or convictions. The BIA refused to remand for further proceedings, noting that Correia had not sustained his heavy burden of proving that the new evidence would likely change the result.
 
 
 14
 We find no abuse of discretion. The BIA properly considered Correia's family ties along with all the other relevant factors. The BIA supported its conclusion with a reasoned explanation based on legitimate concerns. See Vargas, 831 F.2d at 908. "In light of our narrow standard of review, we cannot say that the BIA abused its discretion." Ayala-Chavez, 944 F.2d at 642.[2]
 
 
 15
 Correia also maintains that he is not an aggravated felon subject to immediate deportation. In its April 28, 1993 decision, the BIA did not consider whether Correia was an aggravated felon. Therefore, Correia's status as an aggravated felon does not affect this court's review of the BIA's decision to refuse discretionary relief. The aggravated felon issue only has relevance to (1) the discretionary stay granted by this court on August 12, 1993, prohibiting the immediate deportation of Correia; and (2) the continuation of that stay pursuant to 8 U.S.C. Sec. 1105a(a)(3) pending completion of the BIA's review of those matters remanded by the court.
 
 
 16
 The filing of a petition for review acts as an automatic stay of an order of deportation "unless the alien is convicted of an aggravated felony, in which case the [INS] shall not stay the deportation ... unless the court otherwise directs." 8 U.S.C. Sec. 1105a(a)(3). The INS contends that Correia is an aggravated felon based on his second adult conviction for drug possession, and, therefore, should be immediately deported.
 
 
 17
 The term "aggravated felony" is defined in 8 U.S.C. Sec. 1101(a)(43) to include "any drug trafficking crime as defined" in 18 U.S.C. Sec. 924(c)(2), and applies to offenses in violation of federal or state law. Section 924(c)(2), in turn, defines a "drug trafficking crime" to include any felony punishable under the Controlled Substances Act (21 U.S.C. Sec. 801 et seq.) Therefore, an offense constitutes an aggravated felony if it (1) is a felony and (2) is punishable under the Controlled Substances Act. See Jenkins v. INS, 32 F.3d 11, 14 (2nd Cir. 1994); Amaral v. INS, 977 F.2d 33, 35 (1st Cir. 1992).
 
 
 18
 Under federal law, a conviction for simple possession of a controlled substance is not an "aggravated felony" because the maximum sentence totals only one year imprisonment. See 21 U.S.C. Sec. 844(a). That same section provides that where the person charged has a prior conviction for any violation of the Controlled Substances Act or "for any drug or narcotic offense chargeable under the law of any State," simple possession of a controlled substance becomes a felony punishable under the Controlled Substances Act. Id. It becomes an "aggravated felony" under 8 U.S.C. Sec. 1101(a)(43).
 
 
 19
 Here, Correia has at least three separate convictions in Rhode Island for possession of a controlled substance. See A.R. 238 (possession of cocaine and marijuana); A.R. 239 (possession of cocaine); A.R. 241 (possession of controlled substance). Since "aggravated felony" applies to offenses in violation of federal or state law, Correia's second and third convictions for possession of a controlled substance constitute "aggravated felonies" for deportation purposes. Correia is not subject to an automatic stay of deportation. See 8 U.S.C. Sec. 1105a(a)(3).
 
 
 20
 Nonetheless, this court has discretionary authority to grant a stay of deportation for an aggravated felon. See 8 U.S.C. Sec. 1105a(a)(3); Arthurs v. INS, 959 F.2d 142, 143 (9th Cir. 1992). We exercised that discretion on August 12, 1993. We will continue the stay of deportation because Correia still has a motion pending before the BIA to reopen his case, based, in part, on the fact his children may now live with him. That equity could be sufficient for the BIA to reverse itself and grant Correia Sec. 212(c) relief, although this court makes no judgment on that issue. It would be more efficient to stay deportation pending a final resolution of Correia's motion to reopen before the BIA. Accordingly, the stay issued on August 12, 1993 shall remain in effect until the BIA rules on Correia's motion to reopen. At that time, the stay issued in this proceeding shall dissolve. If the motion to reopen is granted, the BIA may issue its own stay of deportation.
 
 
 21
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 The Honorable Justin L. Quackenbush, Chief Judge, United States District Court for the Eastern District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The BIA permissibly required Correia to show "outstanding equities" in light of his drug possession convictions. See Ayala-Chavez, 944 F.2d at 641
 
 
 [2]
 Moreover, it would be inconsistent to find no abuse of discretion in Ayala-Chavez, yet find an abuse of discretion here. In Ayala-Chavez, the alien's equities included the alien's 18-year residence in the United States, commencing at age nine, the fact that most of his family lived in Eastern Washington, the fact that three of his sisters were U.S. citizens, and one sister and a brother were legal permanent residents, and the alien's support of his minor daughter. Id. at 642. Despite these "substantial" equities, the BIA still denied relief because of a cocaine possession conviction and numerous traffic violations by the alien. This court affirmed the BIA's decision as within its discretion. Id
 Here, the facts are almost identical. The same equities favor Correia, but his adverse factors are even more egregious given his multiple drug possession convictions.