52 F.3d 335
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Selmo FUENTES-FUENTES, Defendant-Appellant.
 No. 94-50441.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 4, 1995.*
Decided April 7, 1995.
 
 Before: BROWNING, SNEED and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Selmo Fuentes-Fuentes appeals from his conviction, following a jury trial, for illegal reentry as a deported alien in violation of 8 U.S.C. Secs. 1326(a) and (b)(2). Fuentes-Fuentes contends that (1) the prior deportation proceeding was unconstitutional; and (2) the district court erred in its jury instructions. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 A. Constitutionality of the Prior Deportation Proceeding
 
 
 4
 Fuentes-Fuentes contends that his prior deportation could not serve as a basis for his conviction under 8 U.S.C. Sec. 1326 because his waiver of the right to appeal the deportation order was not valid. This contention lacks merit.
 
 
 5
 We review de novo a claim that "a defect in a prior deportation order precludes reliance on the deportation in a prosecution for violation of 8 U.S.C. Sec. 1326." United States v. Lopez-Vasquez, 1 F.3d 751, 752 (9th Cir.1993) (per curiam).
 
 
 6
 A defendant charged with a violation of 8 U.S.C. Sec. 1326 (Reentry of Deported Alien) can collaterally attack the constitutionality of the prior deportation if it is used to prove an element of the crime charged. United States v. Mendoza-Lopez, 481 U.S. 828, 839 (1987). To succeed in the attack, the defendant bears the burden to "demonstrate deprivation of the right to a direct appeal from the deportation order and also ... [to] prove prejudice." United States v. Ortiz-Rivera, 1 F.3d 763, 765 (9th Cir.1993) (per curiam) (quotations omitted); see United States v. Proa-Tovar, 975 F.2d, 592, 595 (9th Cir.1992) (en banc). The defendant may waive his right to appeal; however, the waiver must be considered and intelligent. See Ortiz-Rivera, 1 F.3d at 768 (possibly no due process violation if defendant was personally questioned as to whether he wished to appeal and personally stated that he did not wish to appeal); Lopez-Vasquez, 1 F.3d at 754 (a mass waiver by silence was not a considered and intelligent waiver because court could not "presume acquiescence in the loss of the right to appeal"). Without a valid waiver, the defendant is effectively denied his right to a direct review of the deportation decision. See Ortiz-Rivera, 1 F.3d at 768; Lopez-Vasquez, 1 F.3d at 754. Furthermore, the defendant fails to prove prejudice if "a direct appeal [of the deportation order] could not have yielded a different result." Proa-Tovar, 975 F.2d at 595; see also United States v. Leon-Leon, 35 F.3d 1428, 1431-32 (9th Cir.1994) (defendant suffered no prejudice because evidence suggested his deportability).
 
 
 7
 Here, the record indicates that a group deportation hearing was held. The immigration court advised the group of their right to appeal and asked each individual whether he had "any interest in appeal." Fuentes-Fuentes personally responded negatively. Cf. Ortiz-Rivera, 1 F.3d at 768. The district court acknowledged whether the appeal right was validly waived was "ambiguous" because the immigration court failed to clearly appraise Fuentes-Fuentes of his "right" to appeal.[1] However, the district court found that Fuentes-Fuentes had not demonstrated prejudice. We agree. Fuentes-Fuentes argues that prejudice was "inherent." However, prejudice cannot be presumed, and Fuentes-Fuentes bore the burden of proof. See Leon-Leon, 35 F.3d at 1432; Proa-Tovar, 975 F.2d at 595.
 
 
 8
 Fuentes-Fuentes also argues that he was prejudiced because the immigration court misadvised him regarding the finality of his state conviction. At the deportation hearing, the immigration judge informed Fuentes-Fuentes that "once the judge convicts you of a crime and you don't fight the charge on appeal, then in the eyes of the law, you did the crime. This is the rule of the law." Fuentes-Fuentes contends that he could still challenge his state conviction by a writ of habeas corpus and might have pursued one if he had been so advised. Leaving aside the speculative nature of this alleged prejudice, we find no error in the immigration court's statement. See Grageda v. INS, 12 F.3d 919, 921 (9th Cir.1993) (once an alien has been convicted by a court of competent jurisdiction and exhausted the direct appeals to which he is entitled, his conviction is final for immigration purposes). Fuentes-Fuentes was convicted by a California Superior Court of a drug offense, did not appeal his conviction, and thus was legally deportable. See 8 U.S.C. Sec. 1251(a)(2)(B); Arthurs v. INS, 959 F.2d 142, 143 (9th Cir.1992) (defendant was properly deported based on his conviction for drug offenses by a state superior court). Therefore, even if the deportation proceeding was not constitutional, Fuentes-Fuentes did not prove prejudice to successfully preclude reliance on the deportation for his conviction under 8 U.S.C. Sec. 1326. See Mendoza-Lopez, 481 U.S. 828, 839 (1987); Leon-Leon, 35 F.3d at 1431-32; Lopez-Vasquez, 1 F.3d at 752.
 
 B. Jury Instruction
 
 9
 Fuentes-Fuentes contends that the district court erred in instructing the jury that the government need not prove the legality of the prior deportation to procure an 8 U.S.C. Sec. 1326 conviction. This contention lacks merit.
 
 
 10
 We review de novo whether a district court's jury instructions correctly state the elements of a crime. United States v. Tabacca, 924 F.2d 906, 912 (9th Cir.1991).
 
 
 11
 The government must prove in a prosecution for violation of 8 U.S.C. Sec. 1326 that the defendant was "deported according to law." United States v. Galicia-Gonzalez, 997 F.2d 602, 603 (9th Cir.1993). The lawfulness of a prior deportation is appropriate for the jury's consideration "where the issue has not been previously determined and there are factual issues which need to be established." United States v. Ibarra, 3 F.3d 1333, 1335-36 (9th Cir.1993) (court's conclusion of lawfulness of underlying deportation prior to trial precludes jury from considering evidence regarding legality of deportation), cert. denied, 114 S.Ct. 1327 (1994).
 
 
 12
 Here, the district court rejected Fuentes-Fuentes's proposed jury instructions on "unlawful deportation" which required the government to prove that the prior deportation complied with due process. Instead, the district court instructed the jury that
 
 
 13
 To prove a lawful deportation, ... the government must establish (1) that the defendant is an alien; (2) that the defendant entered the United States without permission; (3) that the defendant was convicted of a law relating to a controlled substance, and (4) the defendant was deported into Mexico.
 
 
 14
 The government has no burden to prove that the defendant understood the deportation proceedings, nor does it have to prove that the deportation proceedings were in compliance with all the constitutional rights of the defendant in that deportation hearing.
 
 
 15
 The jury instruction discharging the government from proving the constitutionality of the underlying deportation proceeding was proper on the facts of this case. See Ibarra, 3 F.3d at 1336. On Fuentes-Fuentes's pretrial motion to dismiss the indictment, the district court ruled that Fuentes-Fuentes suffered no prejudice from the allegedly unconstitutional deportation and resolved the issue of the lawfulness of the deportation. See Ibarra, 3 F.3d at 1336; see also Leon-Leon, 35 F.3d at 1431-32.[2] Thus, the jury was precluded from considering the issue. See Ibarra, 3 F.3d at 1336. Furthermore, Fuentes-Fuentes presented no factual disputes regarding the prior deportation. See id. Therefore, the district court did not err in giving the challenged instruction. See id.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court stated that the immigration court "should have asked in terms of 'Do you want to give up that right to appeal?' rather than say, 'Are you interested in an appeal?' "
 
 
 [2]
 At the close of the government's case, Fuentes-Fuentes made a motion under Fed.R.Crim.P. 29 on the same ground, which was again denied