**Francisco
AVILA–MURRIETA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.**

No. 84–7083.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 9, 1985.

Decided April 9, 1985.

Zada Edgar-Soto, Tucson, Ariz., for petitioner.

Joan E. Smiley, Washington, D.C., for respondent.

Before WALLACE, NELSON, and CANBY, Circuit Judges.

WALLACE, Circuit Judge:

Avila-Murrieta seeks review of the Board of Immigration Appeals' (BIA) decision denying his motions to reopen deportation proceedings and to reconsider its denial of his motion to reopen. He also seeks review of the Immigration Judge's (IJ) order of deportation. Avila-Murrieta contends that he was eligible for waiver of deportation under section 212(c) of the Immigration and Nationality Act of 1952, 8 U.S.C. § 1182(c), and that the BIA abused its discretion when it denied his motions to reopen or reconsider. He also contends that he was denied a fair deportation hearing. We have jurisdiction under 8 U.S.C. § 1105a(a), and we deny the petition.

I

Avila-Murrieta, a Mexican citizen, entered the United States as a permanent resident alien on January 9, 1976. He is married to a United States citizen and has three citizen children. As the result of a 1976 conviction for conspiracy to sell marijuana, Avila-Murrieta was charged with deportability under 8 U.S.C. § 1251(a)(11), which provides that an alien may be deported upon conviction "of a violation of, or conspiracy to violate, any law or regulation relating to the illicit possession of or traffic in narcotic drugs." Although Avila-Murrieta admitted his permanent resident status and his narcotics conspiracy conviction at his deportation hearing in November 1981, he requested a continuance because of a newly retained counsel. The IJ denied the continuance and ordered Avila-Murrieta's deportation. On appeal to the BIA, Avila-Murrieta contested the denial of the continuance and alleged that he had been denied a fair hearing. The BIA affirmed the IJ's deportation order on November 1, 1982.

On January 28, 1983, after a grant of discretionary stay of deportation, Avila-Murrieta moved to reopen the deportation proceedings to permit him to apply for waiver of deportation under section 212(c). The BIA denied this motion on June 13, 1983, and on June 28, 1983, Avila-Murrieta filed a motion for reconsideration of the motion to reopen, which the BIA denied on January 4, 1984. The BIA denied both motions on the grounds that Avila-Murrieta failed to meet the seven-year lawful unrelinquished domicile requirement of section 212(c). It ruled that Avila-Murrieta's lawful domicile in the United States terminated on November 1, 1982, when the BIA affirmed the IJ's deportation order.

II

■ We have previously interpreted section 212(c) to provide discretionary relief from deportation to permanent resident aliens who have accrued "seven consecutive years" of "lawful unrelinquished domicile." See 8 U.S.C. § 1182(c); *Tapia-Acuna v. INS*, 640 F.2d 223 (9th Cir.1981). The seven-year period runs from the date when the alien is admitted for permanent residence. *Castillo-Felix v. INS*, 601 F.2d 459, 467 (9th Cir.1979). Avila-Murrieta argues that because he entered as a permanent resident on January 9, 1976, he became eligible for section 212(c) relief seven years later on January 9, 1983.

The INS contends that Avila-Murrieta did not meet the seven-year requirement at the time he moved to reopen in January 1983 because his lawful domicile ended

when the BIA affirmed the IJ's order of deportation on November 1, 1982, 39 days short of the required seven years. The INS argues that Avila-Murrieta's domicile was not lawful after November 1, 1982, even though the INS granted him a stay of deportation while he moved to reopen his case.

We recently held that if an alien appeals to this court directly on the merits of his deportation order, the time he spends in the United States awaiting a decision from this court may be accrued toward the seven-year domicile requirement of section 212(c). *See Wall v. INS*, 722 F.2d 1442, 1444–45 (9th Cir.1984) (*Wall*). We based our holding on the fact that there is an automatic stay of deportation pending review of deportability by a court of appeals under 8 U.S.C. § 1105a(a)(3). *Id.* at 1444. As a result, the alien's continued presence "[is] a matter of law, not grace." *Id. Wall*, however, specifically left open the question whether the time awaiting discretionary relief under section 212(c) should also accrue toward that section's seven-year requirement when the merits of deportation are not challenged. *See id.* at 1444–45. We now face that issue.

In *Lok v. INS*, 681 F.2d 107 (2d Cir.1982) (*Lok*), an alien sought section 212(c) relief while conceding his deportability status and failing to seek review of the underlying deportation order. The alien, however, had not satisfied section 212(c)'s seven-year lawful domicile requirement prior to seeking such relief. He argued that the time spent pending a decision on his application for section 212(c) relief should nevertheless accrue toward the seven-year requirement. The Second Circuit held that "[t]he possibility of ... discretionary relief [that] led the INS and the Courts to tolerate Lok's presence ... did not legalize his intent to remain" following his concession (and the IJ's subsequent finding) of deportability. *Id.* at 110. Rather, Lok's continued presence in the United States was "a matter of grace, not law." *Id.*

The facts here are very close to the situation in *Lok*. Avila-Murrieta admitted the allegations of the INS's order to show cause, thus in effect conceding his deportability. Although he did raise procedural challenges before the BIA concerning his deportation hearing, he never challenged the allegations of the show cause order itself. Following the BIA's affirmance of the IJ's deportation order, Avila-Murrieta sought only discretionary relief under section 212(c). Not until more than a year after the BIA affirmed the order—after relief had been denied as the result of denials of his motions to reopen and reconsider—did he again contest the deportation order itself by seeking review in this court. Even now, he concedes his deportability as the result of his drug conspiracy conviction and raises only procedural challenges.

Immigration law is an area in which uniformity is of great importance. When *Wall* was decided, we pointed out that there was already a conflict between two circuits on the issue before us now. *See Wall*, 722 F.2d at 1444, *comparing Lok*, 681 F.2d at 110 (no accrual of time while awaiting discretionary relief), *with Marti-Xiques v. INS*, 713 F.2d 1511, 1516–18 (11th Cir.1983) (time accrues while awaiting discretionary relief) (*Marti-Xiques I*). That conflict, however, no longer exists. The reasoning of *Marti-Xiques I* was subsequently rejected when that opinion was vacated upon a petition for rehearing. *See* 724 F.2d 1463 (11th Cir.1984). Since that time, the Eleventh Circuit has rendered a new opinion in which it holds that an alien's lawful domicile terminates upon the issuance of an order to show cause, *i.e.*, when the INS commences deportation proceedings. *See* 741 F.2d 350, 355 (11th Cir. 1984) (*Marti-Xiques II*).

■ Thus, the original conflict identified by us in *Wall* no longer exists: both the Second and Eleventh Circuits agree that elapsed time during an appeal that does not challenge the order of deportation cannot be used as part of the required seven years under section 212(c). On this issue, we join with the Second and Eleventh Circuits.

■ There is a conflict between the two circuits, however, on a second issue:

whether the alien's lawful domicile terminates when the INS commences deportation proceedings (*Marti-Xiques II*) or when the deportation order is final (*Lok*). It is not necessary for us to choose between these two positions. Under either, Avila-Murrieta would not have secured the seven years required by section 212(c). At the very least, an alien's lawful domicile for purposes of section 212(c) relief terminates when the alien concedes his deportability and fails to challenge the merits of his deportation order. Although subsequently he may raise a challenge on the merits of that order following a denial of discretionary relief under section 212(c), *see Hyun Joon Chung v. INS*, 720 F.2d 1471, 1473–75 (9th Cir.1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 2659, 81 L.Ed.2d 366 (1984), the automatic stay of 8 U.S.C. § 1105a(a)(3), which was the basis of *Wall*'s holding, never comes into play until an appeal is raised. When an alien concedes his deportability or fails to raise a challenge to an order of deportation, he may no longer be said to harbor a "lawful intent" to remain in this country even if the INS fails to take immediate steps to expel him beyond our borders. Whether that "lawful intent" terminates when the INS initiates deportation proceedings need not be answered to resolve the case before us.

### III

■ An alien is entitled to a full and fair hearing before being deported and the deportation proceedings must conform to procedural due process. *Nicolas v. INS*, 590 F.2d 802, 809 (9th Cir.1979). Avila-Murrieta contends that he was denied a fair hearing because (1) the IJ did not grant him a continuance, and (2) the IJ did not permit his attorney to establish a record.

### A.

■ Avila-Murrieta requested a continuance at the November 4, 1981 deportation hearing in order for counsel, who had been ill since taking over the case, to prepare. Avila-Murrieta first received the INS's order to show cause in September 1977.

Some four years elapsed between the issuance of that order and Avila-Murrieta's deportation hearing in November 1981. Four years was sufficient time to prepare this relatively simple case; Avila-Murrieta was not prejudiced by the denial of the continuance. *See Nicolas v. INS*, 590 F.2d at 809. The finding of deportability was based solely on Avila-Murrieta's conviction, to which he admitted at the hearing. Additional preparation could not change that fact. Avila-Murrieta claims that denial of the continuance was improper because his attorney was new and needed time to familiarize herself with the case. We have previously held that an alien's "delay in obtaining counsel cannot be charged to the INS." *Ghajar v. INS*, 652 F.2d 1347, 1349 (9th Cir.1981). In light of the four years Avila-Murrieta had to prepare his case, the IJ did not abuse his discretion in refusing to grant the continuance. *See Castro-Nuno v. INS*, 577 F.2d 577, 579 (9th Cir. 1978).

### B.

■ Avila-Murrieta argues that his hearing did not comply with due process because the IJ turned off the recorder at different times during the hearing and his attorney was not permitted to make certain arguments. The IJ has the discretion not to record selected conversations during the hearing. 8 C.F.R. § 242.15 (1984); *Bisaillon v. Hogan*, 257 F.2d 435, 437 (9th Cir.), *cert. denied*, 358 U.S. 872, 79 S.Ct. 112, 3 L.Ed.2d 104 (1958). Avila-Murrieta has not demonstrated any prejudice from the IJ's failure to record. *See Nicolas v. INS*, 590 F.2d at 809. The IJ also has discretion to exclude arguments at the hearing. 8 C.F.R. § 242.15. The arguments which the IJ did not permit concerned Avila-Murrieta's claim of innocence with regard to his drug conviction and arguments of counsel that the state conviction was based on selective prosecution. The INS may not examine the validity of a conviction for deportation purposes. *Ocon-Perez v. INS*, 550 F.2d 1153, 1154 (9th Cir.1977) (per curiam). Thus, Avila-Murrieta was not prejudiced by

the IJ's decision not to hear his attorney's arguments concerning the possible infirmity of the state conviction.

The petition for review is DENIED.