Pedro
**TORRES–HERNANDEZ, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 86–7491.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 10, 1987.

Decided March 20, 1987.

Thomas L. Hiester, Daly City, Cal., for petitioner.

Joseph F. Ciolino, Allison R. Drucker, Washington, D.C., for respondent.

Before ANDERSON, ALARCON and HALL, Circuit Judges.

ALARCON, Circuit Judge:

Pedro Torres-Hernandez (Torres-Hernandez) petitions this court to review an order of the Board of Immigration Appeals (BIA) denying his motion to reopen deportation proceedings. He contends that the BIA abused its discretion in denying his motion to reopen deportation proceedings for purposes of applying for discretionary relief under 8 U.S.C. § 1182(c) (1982). We disagree and affirm.

I.

On February 6, 1979, Torres-Hernandez, a citizen of Mexico, was admitted to the United States as a lawful permanent resident because of his marriage to a United States citizen. In 1980, Torres-Hernandez was convicted in California of two counts of assault with a deadly weapon and sentenced to seven years in state prison. He was released on April 26, 1984, after serving four years of his sentence. After Torres-Hernandez's parole, the Immigration and Naturalization Service (INS) issued an order to show cause and a warrant of arrest under 8 U.S.C. § 1251(a)(4) (1982) based on the fact that Torres-Hernandez had been convicted of a crime involving moral turpitude committed within five years after entry and had been confined therefore in a prison for a year or more.

On June 22, 1984, after an evidentiary hearing, the Immigration Judge (IJ) found that Torres-Hernandez was deportable under 8 U.S.C. § 1251(a)(4). On March 26, 1985, the BIA affirmed the decision of the IJ.

Torres-Hernandez thereafter petitioned this court for review of the order of the BIA. On May 28, 1986, we affirmed the decision of the BIA in an unpublished memorandum disposition. We held that Torres-Hernandez's appeal was frivolous. We also concluded that his attorney, Walter Rafael Pineda (hereinafter Pineda), had misrepresented the record by implying that the date of entry was in dispute at the deportation proceedings before the IJ. We imposed a $1,000 sanction plus costs against Pineda. *Torres-Hernandez v. INS,* 791 F.2d 938, memorandum disposition filed (9th Cir.1986).

On April 15, 1986, prior to our affirmance of the BIA's order, Torres-Hernandez made a motion to the BIA to reopen the deportation hearing under 8 C.F.R. § 3.2 (1986) claiming that new and material facts were discovered that were not available at the time of the deportation hearing which justified reopening the deportation proceedings. The alleged "new material fact" consisted of proof that he entered into the United States on February 6, 1979 as a lawful permanent resident. Torres-Hernandez claimed this "new material fact" was necessary to establish a *prima facie* case for discretionary relief under 8 U.S.C. § 1182(c). Section 1182(c) provides "discretionary" relief from deportation to permanent resident aliens who have accrued 'seven consecutive years' of 'lawful unrelinquished domicile.'" *Avila-Murrieta v. INS,* 762 F.2d 733, 734 (9th Cir.1985).

II.

On July 15, 1986, the BIA denied the motion to reopen on the ground that the evidence was not newly discovered or material. The BIA also determined that Torres-Hernandez had accrued his additional time in the United States by filing a frivolous appeal to the Ninth Circuit, citing *INS v. Rios-Pineda,* 471 U.S. 444, 105 S.Ct. 2098, 85 L.Ed.2d 452 (1985).

In *Rios-Pineda,* the Supreme Court stated that "if the Attorney General decides that relief should be denied as a matter of discretion, he need not consider whether the threshold statutory eligibility requirements are met." *Rios-Pineda,* 471 U.S. at 449, 105 S.Ct. at 2102. In *Gonzalez Batoon v. INS,* 791 F.2d 681 (9th Cir.1986) (en banc) we observed that *"Rios-Pineda* requires the Board's refusal to grant reopening in the exercise of its administrative discretion be reviewed independently of the correctness of the Board's ruling on the question of statutory eligibility." *Gonzalez Batoon,* 791 F.2d at 684. We have reviewed the record. The BIA did not abuse its discretion.

### III.

A motion to reopen must be supported by newly discovered material evidence which establishes a *"prima facie* case for relief." *Hernandez-Ortiz v. INS,* 777 F.2d 509, 513 (9th Cir.1985). A motion to reopen will be denied unless the "evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 3.2.

Torres-Hernandez represented in his motion to reopen that evidence of the date of his entry into the United States on February 6, 1979 was newly discovered. He further alleged that this fact could not have been discovered or presented at the deportation hearing because his status was not entered into the INS central index system until November 11, 1985, six years after he entered the United States.

■ Torres-Hernandez proved the date of his entry into the United States as a lawful permanent resident by introducing his passport as an exhibit in the deportation proceedings before the IJ. The IJ expressly found that Torres-Hernandez was admitted as a lawful permanent resident on February 6, 1979. Thus, the BIA did not abuse its discretion in concluding that the evidence of his date of entry was not newly discovered.

### IV.

■ Torres-Hernandez also argues that the BIA abused its discretion by refusing to count the time consumed in the filing of a frivolous appeal as part of the seven consecutive years of domicile required for admission into the United States pursuant to 8 U.S.C. § 1182(c) of the Immigration and Nationality Act. We disagree.

In *Rios-Pineda,* the Supreme Court considered whether the BIA abused its discretion in denying Rios-Pineda's motion to reopen and his request for suspension of deportation under 8 U.S.C. § 1254(a)(1) on the ground that Rios-Pineda had accrued the requisite seven years in this country during the pendency of frivolous appeals. *Rios-Pineda,* 471 U.S. at 449–50, 105 S.Ct.

at 2101–02. The Court concluded that the BIA had not abused its discretion because "[t]he Attorney General can, in exercising his discretion, legitimately avoid creating a further incentive for stalling by refusing to reopen suspension proceedings for those who became eligible for such suspension only because of the passage of time while their meritless appeals dragged on." *Id.* at 450, 105 S.Ct. at 2102. "The purpose of an appeal is to correct legal errors which occurred at the initial determination of deportability; it is not to permit an indefinite stalling of physical departure in the hope of eventually satisfying legal prerequisites." *Id.* Although *Rios-Pineda* involved accrual of the seven year period for suspension of deportation under 8 U.S.C. § 1254(a)(1), we are persuaded that its rationale is equally applicable to the accrual of the seven year period for discretionary relief from deportation for permanent resident aliens under 8 U.S.C. § 1182(c).

We recognize that in a matter decided prior to *Rios-Pineda, Wall v. INS,* 722 F.2d 1442 (9th Cir.1984), we held that a person is eligible to be considered for relief under section 1182(c) notwithstanding the fact that he had not accrued seven consecutive years of residence prior to his appeal from the decision of the BIA. *Wall,* 722 F.2d at 1444–45; *but cf. Avila-Murrieta,* 762 F.2d at 735 (the elapsed time during an appeal that does not challenge the order of deportation cannot be used as part of the required seven years under 8 U.S.C. § 1182(c)). *Wall* did not, however, involve a frivolous appeal. Thus, *Wall* has no application to the question presented in this appeal.

But for Torres-Hernandez's frivolous appeal to this court, he would not have accrued the requisite seven years of residence under 8 U.S.C. § 1182(c). We agree with the BIA that he should not be entitled to evade the requirements of 8 U.S.C. § 1182(c) by filing a frivolous appeal. Consistent with the holding of the Supreme Court in *Rios-Pineda,* we conclude that the BIA did not abuse its discretion in determining that Torres-Hernandez did not demonstrate that he was domiciled in the Unit-

ed States for seven consecutive years as required by 8 U.S.C. § 1182(c).

The petition for review is DENIED and the decision of the BIA is AFFIRMED.