972 F.2d 1348
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gerry VILLANUEVA a.k.a. Gerry Villanueva-Dunbar, Petitioner,
v.
U.S. IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70370.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 8, 1992.*
Decided July 23, 1992.
 
 Before FARRIS, WIGGINS and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gerry Villanueva petitions this court, challenging the decision of the Board of Immigration Appeals (BIA) affirming his deportation on the basis of his California conviction for burglary. We affirm.
 
 STATEMENT OF CASE
 
 3
 On July 2, 1982, when he was sixteen years of age, Villanueva, a citizen of the Philippines, was admitted into the United States. On August 1, 1985, he was convicted of burglary in San Diego, California. He pled guilty to two counts of first degree burglary and was sentenced to two years imprisonment.
 
 
 4
 The INS then sought to deport Villanueva based on his conviction of a crime of moral turpitude within five years of entry into the United States. See 8 U.S.C. § 1251(a)(4). The immigration judge (IJ) granted three continuances to allow Villanueva an opportunity to obtain private counsel. The IJ also reduced the bond from $10,000 to $2,000. At the fourth scheduled hearing date, the IJ denied a request for a further continuance. The IJ found that Villanueva was fluent in English. Thus, Villanueva represented himself in the proceedings. He made no claim or arguments for relief from deportation other than citing his strong family ties to the United States. The IJ sua sponte considered the possibility of a waiver of deportation under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c), but found that Villanueva did not qualify for the discretionary relief. Villanueva was ordered deported. He appealed the IJ's decision pro se. On April 24, 1991, the BIA affirmed the order of deportation.
 
 DISCUSSION
 
 5
 I. FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES
 
 
 6
 This court is unable to consider petitioner's claims regarding the right to counsel and the lack of an interpreter because they were not presented to the BIA. See Vargas v. Department of Immigration and Naturalization, 831 F.2d 906, 907-08 (9th Cir.1987); Roque-Carranza v. INS, 778 F.2d 1373, 1374 (9th Cir.1985). "Failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter." Vargas, 831 F.2d at 907-08.
 
 
 7
 Villanueva's labeling of these arguments as "due process" claims does not exempt them from this jurisdictional rule. Id. " 'Due process' is not a talismanic term which guarantees review in this court of procedural errors correctable by the administrative tribunal." Id. (quoting Reid v. Engen, 765 F.2d 1457, 1461 (9th Cir.1985)). Villanueva's failure to obtain private counsel and his subsequent inability to present his case is not a claim of constitutional dimension. See Vides-Vides v. INS, 783 F.2d 1463, 1470 (9th Cir.1986). If the IJ's denial of a further extension of time to obtain counsel was an error, it could have been easily cured by a procedural ruling by the BIA. The interpreter claim is also one of a procedural error that could have been corrected, had Villanueva asked for an interpreter. See Zayas-Marini v. INS, 785 F.2d 801, 804-05 (9th Cir.1986).
 
 
 8
 If Villanueva does have some material evidence that was not presented at the first hearing and can cite the lack of counsel or of an interpreter as the cause of the failure to previously present the evidence, the appropriate remedy is to make a motion to reopen the deportation proceedings before the BIA. Vides-Vides, 783 F.2d at 1470; Roque-Carranza, 778 F.2d at 1374.
 
 II. SECTION 212(c) WAIVER OF DEPORTATION
 
 9
 Villanueva's claim as to waiver under section 212(c) is properly before this court. The Board did not abuse its discretion in denying a section 212(c) waiver of deportation. At the time of the deportation hearing, Villanueva was not eligible for waiver of deportation because he had not resided in the United States for the statutorily required seven years. 8 U.S.C. § 1182(c). Villanueva claims that he was statutorily eligible by the time of the BIA's rulings. However, when an alien concedes his deportability and fails to raise a challenge to the merits of an order of deportation, he no longer has the "lawful intent" to remain in this country--his lawful domicile terminates. Avila-Murrieta v. INS, 762 F.2d 733, 735-36 (9th Cir.1985); cf. Torres-Hernandez v. INS, 812 F.2d 1262, 1264-65 (9th Cir.1987) (when appeal on merits is frivolous, elapsed time does not count toward seven year period). Villanueva's appeal to the BIA raised only the section 212(c) issue and did not go to the merits of the deportation order itself. Therefore, the relevant statutory period for consideration of Villanueva's claim terminated when the IJ made the order of deportation following Villanueva's concession of deportability at the hearing.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3