972 F.2d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
J. Jesus RAYA-BAEZ, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70692.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1992.*
Decided Aug. 17, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 J. Jesus Raya-Baez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals order dismissing his appeal from the Immigration Judge's order denying his application for discretionary relief from deportation. Specifically, Raya-Baez maintains that the time he spent in the United States prior to being admitted as a permanent resident should be credited toward the seven years of "lawful unrelinquished domicile" required for relief under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c).[1] We have jurisdiction pursuant to 8 U.S.C. § 1105(a). We deny Raya-Baez's petition for review.
 
 
 3
 In Castillo-Felix v. INS, we affirmed the Immigration and Naturalization Service's rule of eligibility for section 1182(c) relief. 601 F.2d 459, 467 (9th Cir.1979). We held that "to be eligible for section 1182(c) relief, aliens must accumulate seven years of lawful unrelinquished domicile after their admission for permanent residence." Id.; see also Avila-Murietta v. INS, 762 F.2d 733, 734 (9th Cir.1985) ("the seven year period runs from the date when the alien is admitted for permanent residence"). We are bound by the law of the circuit absent en banc review or an intervening Supreme Court decision. Landreth v. Commissioner, 859 F.2d 643, 648 (9th Cir.1988).
 
 
 4
 Here, Raya-Baez obtained permanent resident status in 1984 and was convicted of a drug offense in 1989. Thus, Raya-Baez failed to accumulate seven years of lawful unrelinquished domicile after his admission for permanent residency in 1984. Accordingly, he is not eligible for 212(c) relief. See 8 U.S.C. § 1182(c); Castillo-Felix, 601 F.2d at 467; Aviala-Murrieta, 762 F.2d at 734.
 
 
 5
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 212(c) provides the Attorney General with discretion to waive deportation to lawful permanent resident aliens who have accrued seven years of lawful domicile in the United States. See 8 U.S.C. § 1182(c); Tapia-Acuna v. INS, 640 F.2d 223, 242 (9th Cir.1981)