57 F.3d 1079
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Acisclo VASQUEZ, Petitioner-Appellant,
v.
Ruth Ann MYERS, District Director, United States Immigration
and Naturalization Service, Respondent-Appellee.
 No. 94-16323.
 United States Court of Appeals, Ninth Circuit.
 June 6, 1995.
 
 Before CUMMINGS,* SCHROEDER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Petitioner Acisclo Vasquez, a native and citizen of Mexico and permanent resident alien of the United States, appeals from the district court's order denying his petition for a writ of habeas corpus. In his habeas petition, Vasquez sought relief from the Board of Immigration Appeals' ("BIA") affirmance of the immigration judge's ("IJ") decision ordering Vasquez excluded from the United States pursuant to 8 U.S.C. Sec. 1182(a)(23).
 
 
 3
 Vasquez contends that the district court erred by denying his petition for habeas relief: (1) because his right to due process and to counsel of his choice was violated by the IJ's denial of his motion to continue the exclusion hearing; (2) because there was insufficient evidence to support a finding that he was attempting to make an "entry" within the meaning of 8 U.S.C. Sec. 1101(a)(13), or that he was involved in drug trafficking; and (3) by finding that Vasquez was ineligible for a waiver of excludability under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1182(c), because he had not acquired seven years domicile in the United States at the time of his alleged entry. We affirm.
 
 
 4
 The district court properly upheld the BIA's finding that the denial of Vasquez's motion to continue did not violate his due process rights or his right to counsel of his choice. See Vides-Vides v. INS, 783 F.2d 1463, 1470 (9th Cir.1986). Because Vasquez filed a late motion to continue, he already had been granted several continuances, and he was represented by counsel at the hearing, there was no abuse of discretion. See id.
 
 
 5
 The evidence was sufficient to find that Vasquez was attempting to make an "entry" under 8 U.S.C. Sec. 1101(a)(13). See Jubilado v. United States, 819 F.2d 210, 213 (9th Cir.1987). A person who attempts to enter the United States may be excluded if, inter alia, "the consular officer or immigration officials know or have reason to believe [the alien] is or has been an illicit trafficker" in marijuana. 8 U.S.C. Sec. 1182(a)(23). When a U.S. Customs Inspector asked Vasquez to open the trunk of the car he was driving, he fled back into Mexico. Subsequently, U.S. Customs officials searched the vehicle and found approximately 91 pounds of marijuana wrapped in 47 plastic bundles. There was more than sufficient evidence to find that Vasquez was involved with drug trafficking. See Hamid v. INS, 538 F.2d 1389, 1390 (9th Cir.1976).
 
 
 6
 The district court may have erred by finding that Vasquez was statutorily ineligible for a waiver under section 212(c) because he had not accrued seven years of lawful domicile prior to the commencement of exclusion proceedings. See Wall v. INS, 722 F.2d 1442, 1444 (9th Cir.1984) (holding that alien may continue to accrue time towards seven year domicile requirement during the pendency of a non-frivolous appeal from an order of deportation). The government does not challenge the applicability of Wall to an exclusion case.
 
 
 7
 Thus, the issue in this case turns on whether Vasquez's appeal to the BIA was frivolous. We already have held that there was more than sufficient evidence to support exclusion. The other ground for appeal was that the IJ abused his discretion in denying a continuance when it was sought two days before a hearing that already had been rescheduled four times. We find that this ground also was frivolous.
 
 
 8
 A continuance may be granted in the discretion of the IJ if "good cause" is shown. See 8 C.F.R. Sec. 3.27 (1988); see also Baires v. INS, 856 F.2d 89, 91 (9th Cir.1988). The IJ should consider the following factors: (1) the inconvenience to the immigration court; (2) whether the need for a continuance is based on the alien's unreasonable conduct; and (3) the length and number of continuances which have previously been granted. See Baires, 856 F.2d at 92-93.
 
 
 9
 In this case, a continuance at such a late date doubtless would have been inconvenient to the Immigration Court. The record reflects no reason why the continuance was not requested earlier. On November 22, 1988, when Vasquez denied the allegations of the charging document and the IJ set the case over for a hearing for on the issue of excludability until February 6, 1989, the IJ addressed Vasquez's counsel who was then pregnant. The IJ said that she or somebody in her office could request a continuance because of maternity leave. Had the IJ refused a continuance of the February date, at least a plausible argument could be made that there was an abuse of discretion. However, the hearing was continued yet again until March 8, 1989, and it was only when a further continuance was requested that the IJ insisted on going forward. The appeal was frivolous and for that reason, if not on the ground relied on by the district court, Vasquez is ineligible for a waiver of excludability. See Torres-Hernandez v. INS, 812 F.2d 1262 (9th Cir.1987) (alien ineligible for section 212(c) discretionary relief from deportation where he accrued seven years domicile through filing patently frivolous appeal).
 
 
 10
 The decision of the district court dismissing the petition for writ of habeas corpus is AFFIRMED.
 
 
 
 *
 Honorable Walter J. Cummings, United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3