60 F.3d 832
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Crecsencio AGUAYO-GONZALEZ, Plaintiff-Appellant,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Defendant-Appellee.
 No. 94-70054.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 8, 1995.
Decided July 5, 1995.
 
 Petition for Review of a Decision by the Board of Immigration Appeals, INS NO. Aqa-xrs-blv.
 BIA
 GRANTED IN PART, DENIED IN PART, REMANDED.
 Before: FLETCHER, WIGGINS, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Crescencio Aguayo-Gonzalez appeals a decision by the Board of Immigration Appeals (BIA) denying his petition for review of an immigration judge's finding that he was deportable and ineligible for discretionary relief from deportation. We have jurisdiction under 8 U.S.C. Sec. 1105(a). We grant in part, deny in part and remand.
 
 BACKGROUND
 
 3
 Aguayo entered the United States illegally in 1981. On May 4, 1988, he applied for amnesty under the Immigration Reform and Control Act (IRCA), 8 U.S.C. Sec. 1255a, which provided amnesty for aliens who entered the country illegally before 1982. Aguayo was granted permanent resident status on May 22, 1990.
 
 
 4
 In 1991, he pled guilty in California state court to possession of marijuana for sale, in violation of California Health and Safety Code Sec. 11359, and was sentenced to 16 months in prison. The crime involved 95 pounds of marijuana. The Immigration and Naturalization Service (INS) initiated deportation proceedings under 8 U.S.C. Sec. 1251(a)(2)(A)(iii), which provides for the deportation of an alien convicted of an aggravated felony.
 
 
 5
 Aguayo contested his deportation order, and applied for waiver of deportation under Sec. 212(c), 8 U.S.C. Sec. 1182(c). An immigration judge ruled that Aguayo was deportable and ineligible for section 212(c) relief because he had not been lawfully domiciled in the United States for seven years. The BIA dismissed Aguayo's appeal.
 
 
 6
 In this appeal, Aguayo contends that his drug conviction does not constitute a ground for deportation and, even if it did, he would be eligible for section 212(c) relief because the years that he spent in this country prior to receiving amnesty count toward calculation of his lawful domicile.
 
 DISCUSSION
 
 7
 We review de novo the BIA's interpretation of a statute. Lepe-Guitron v. INS, 16 F.3d 1021, 1025 (1994).
 
 A. Section 212(c) Relief
 
 8
 Aliens subject to deportation may be eligible for a discretionary waiver of deportation. The governing statute, section 212(c), states:
 
 
 9
 Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions ... of subsection (a) of this section.
 
 
 10
 8 U.S.C. Sec. 1182(c). Section 212(c) relief is available to aliens facing deportation. Tapia-Acuna v. INS, 640 F.2d 223 (9th Cir.1981).
 
 
 11
 It is undisputed that Aguayo has continuously resided in the U.S. since 1981. The question raised on appeal concerns the beginning and ending points of his "lawful domicile."
 
 
 12
 The lawful domicile of an alien granted relief under IRCA begins on the date that the alien applied for amnesty. De Robles v. INS, 1995 U.S.App. LEXIS 13510, * 15 (9th Cir.1995). Thus, Aguayo's domicile began when he applied for amnesty on May 4, 1988. Whether he can establish seven years of lawful domicile depends upon when his lawful domicile ends.
 
 
 13
 When an alien appeals a deportation order, the time he spends awaiting a decision by the court of appeals counts toward his lawful domicile unless the appeal is frivolous. Wall v. INS, 722 F.2d 1442, 1444 (9th Cir.1984); Torres-Hernandez v. INS, 812 F.2d 1262, 1264-65 (9th Cir.1987). As discussed below, we affirm the deportation order but find that the appeal is not frivolous. Therefore, Aguayo's lawful domicile ends with our decision in his appeal.
 
 B. Deportation
 
 14
 The Immigration and Nationality Act (INA) states, "Any alien who is convicted of an aggravated felony at any time after entry is deportable." 8 U.S.C. Sec. 1251(a)(2)(A)(iii). The INA includes within the definition of aggravated felony "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." 8 U.S.C. Sec. 1101(a)(43)(B).
 
 
 15
 18 U.S.C. Sec. 924(c)(2) states that "the term 'drug trafficking crime' means any felony punishable under the Controlled Substances Act (21 U.S.C. Sec. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. Sec. 951 et seq.), or the Maritime Drug Law Enforcement Act (46 U.S.C.App. 1901 et seq.)." The Controlled Substances Act bars possession "with intent to distribute or dispense" a controlled substance. 21 U.S.C. Sec. 841(a)(2).
 
 
 16
 Aguayo pled guilty to a violation of California Health and Safety Code Sec. 11359, which is titled "Possession for Sale," and states, "Every person who possesses for sale any marijuana, except as otherwise provided by law, shall be punished by imprisonment in the state prison." He argues that his crime was not an aggravated felony because he did not engage in "trafficking." He notes that he was not convicted under a separate California Code section prohibiting "transportation, distribution, importation" of marijuana, and that he completed only a single drug transaction. Thus, he contends, he was not engaged in "trafficking" in the sense of being in the business of buying and selling drugs.
 
 
 17
 We disagree. Although we have not addressed the exact issue in the immigration context, we have held that possession of drugs with intent to distribute constitutes drug trafficking for purposes of a firearms violation under 18 U.S.C. Sec. 924(c), the same statute that governs drug trafficking for deportation purposes. United States v. Contreras, 895 F.2d 1241, 1244 (9th Cir.1990). Therefore, Aguayo's conviction constituted an aggravated felony and he is deportable.
 
 
 18
 However, his appeal is not frivolous. "The standard [for frivolousness] is not met when there is no controlling authority requiring a holding that the facts as alleged fail to establish even an arguable claim as a matter of law." Guti v. INS, 908 F.2d 495 (9th Cir.1990). There is some legal support for Aguayo's contention that a single conviction for possession of marijuana for sale should not result in deportation. See Elramly v. INS, 49 F.3d 535, 537 (9th Cir.1995) (remanding for consideration of Section 212(c) relief because "[d]elivering $100 worth of hashish is not the same as conspiring to distribute $50,000 worth of cocaine"); see also De Robles, 1995 U.S.App. LEXIS 13510 at * 15 n. 7 (alien's challenge to deportation based upon cocaine possession conviction not frivolous even though alien pled guilty and did not appeal).
 
 
 19
 Because the appeal is not frivolous, Aguayo's lawful domicile ends on the date that the disposition of his appeal to this court is final, necessarily a date more than seven years after he applied for amnesty. Thus, he is eligible for Section 212(c) relief.
 
 CONCLUSION
 
 20
 The BIA correctly upheld the immigration judge's finding that Aguayo is deportable. However, we find that Aguayo is now eligible for discretionary relief from deportation under Section 212(c), and remand to the BIA to determine whether to grant such relief.
 
 
 21
 GRANTED IN PART, DENIED IN PART, AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3