73 F.3d 370
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Sun Pang YONG, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70241.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 17, 1995.
Decided Dec. 26, 1995.
 
 1
 Before: HALL and NOONAN, Circuit Judges; PRO, District Judge*.
 
 
 2
 MEMORANDUM**
 
 
 3
 Sun Pang Yong (Pang) petitions this court to review the order of the Board of Immigration Appeals denying her petition to reopen her deportation proceedings. We dismiss the petition.
 
 FACTS
 
 4
 Pang, a native of South Korea, entered the United States on October 13, 1984 as a lawful permanent resident. On June 24, 1987, Pang was convicted in Superior Court for the County of Los Angeles of voluntary manslaughter for the shooting death of her boyfriend's wife. Pang was romantically involved with Hsueh Chiang, whom she did not know was married until his wife came from China to the United States. Pang attempted to extricate herself from the relationship with Chiang, but he continued to pursue her even with his wife at his side. On the day of the shooting, Pang was in the process of moving from her apartment, so she could escape Chiang. Chiang, however, forced Pang to his apartment, locked the door, and beat her in his wife's presence. He took Pang's glasses from her, so she could not see, and then he knocked her to the ground. Pang had a small handgun on her, which she claimed a friend had given to her for protection because she lived in a bad neighborhood. Chiang stood in front of the door, blocking Pang's way, and threatened that the only way she would leave would be as a corpse. Pang then fired at Chiang, wounding him in the chest. Chiang's wife then tried to take the gun away from Pang. In the scuffle, Pang shot and killed Chiang's wife. For this death, Pang was convicted of voluntary manslaughter and sentenced to five years in state prison.
 
 PROCEEDINGS
 
 5
 On February 15, 1989, the Immigration and Naturalization Service issued Pang an Order to Show Cause, charging her with deportability due to her conviction.
 
 
 6
 On February 21, 1989, Pang appeared without counsel at her deportation hearing. Immigration Judge Roy Daniel (IJ Daniel) ordered Pang deported after a summary proceeding. Pang appealed the decision to the Board of Immigration Appeals (the Board). The Board found Pang's deportability to be supported by clear, unequivocal, and convincing evidence based on her conviction record and her admission of the wrongdoing. The Board also found, however, that Pang had not knowingly and intelligently waived her right to be represented by counsel and that IJ Daniel had not made an adequate inquiry into Pang's understanding of English and the nature of the proceedings against her, thus denying her due process right to a fair hearing. In addition, the Board found that the IJ had erred in allowing Pang to designate Canada as the country of deportation without a showing that she had residence there. The Board remanded the case for a new hearing and the entry of a new decision.
 
 
 7
 On October 2, 1990, IJ Daniel held a second hearing as if the case were entirely new and reconsidered Pang's deportability, even though the Board had found IJ Daniel's original finding of deportability to be supported by clear, convincing, and unequivocal evidence. Pang was represented by counsel, and an interpreter was present. Pang denied her deportability, and her counsel received a continuance as he attempted in state court to have Pang's criminal sentence modified to include a judicial recommendation against deportation.
 
 
 8
 On November 1, 1990, after Pang's attempt failed in state court, IJ Daniel once again found Pang deportable. On November 19, 1990, upon IJ Daniel's recommendation, Pang filed an application for a waiver under Section 212(c) of the Immigration and Nationality Act. See 8 U.S.C. Sec. 1182(c). At the hearing, three witnesses testified on Pang's behalf. Dong Woon Moon, her former employer, testified that Pang could be trusted with money while she worked as a cashier in his clothing store and that he hoped that she would work for him again. Eung Suks Lee, a close student friend of Pang's, testified that Pang had a good character and cared for other people, and despite her modest means, she sometimes gave money or help to poor people on the street. Susan Cho testified for her sister Pang and described her as a very quiet person.
 
 
 9
 Pang then testified on her own behalf. She described the events leading to Chiang's wife's death and admitted her conviction for voluntary manslaughter and sentence to five years in prison, of which she served three years. Pang also stated that her father and mother live in Chicago, and her three younger sisters in Los Angeles. Pang claimed that she lived in Los Angeles with one of her younger sisters who is a United States citizen and that all her close relatives live in the United States. Pang said that she would experience financial and emotional difficulties if she were deported to South Korea. When asked about the crime of which she had been convicted, Pang stated that she was "just praying for forgiveness."
 
 
 10
 At the close of the proceeding, IJ Daniel rendered his decision. After finding--albeit, mistakenly--that Pang had accumulated seven years' lawful domicile in the United States from October 1984 to November 1990, IJ Daniel found the equities did not call for a discretionary waiver, in light of the seriousness of the offense with which she had been convicted.
 
 
 11
 Pang appealed the denial of waiver to the Board. She argued that the IJ abused his discretion by applying an incorrect standard for exercise of discretion, by making findings contrary to the evidence, and by going beyond Pang's conviction to make findings about another crime--illegal possession of a handgun--with which she had not been charged. Pang also asserted that IJ Daniel unfairly denied her request for a continuance and that he based his decision on erroneous translations.
 
 
 12
 On September 11, 1991, the Board dismissed Pang's appeal, finding that she was statutorily ineligible for Section 212(c) relief because she had not been lawfully domiciled in the United States for seven years. Seven years from her entry on October 13, 1984 would be October 13, 1991. Pang was about a month short of the seven years' requirement. Statutory deadlines often determine immigration cases. The Board also found that Pang was not deprived of a full and fair hearing, despite the denial of a continuance and the imperfect translations.
 
 
 13
 Pang filed a Petition for Review with this Court on January 10, 1992. However, the petition was dismissed as untimely on March 24, 1992. Pang has failed to show that she challenged her deportability in this dismissed petition.
 
 
 14
 On June 28, 1993, Pang filed a motion to reopen with the Board to apply for a waiver under Section 212(c). In her motion, Pang alleged that she presented new material evidence of her rehabilitation and hardship that was not available at the previous hearing, either due to the denial of the continuance or to occurrence after the deportation hearing.
 
 
 15
 On April 28, 1994, the Board denied Pang's motion to reopen, finding that Pang still was statutorily ineligible for Section 212(c) relief because she had stopped accruing time for eligibility when she failed to appeal IJ Daniel's November 19, 1990 finding of deportability.
 
 
 16
 Pang now seeks review of the Board's April 28, 1994 order denying her motion to reopen.
 
 ANALYSIS
 
 17
 Pang's failure to challenge the November 19, 1990 deportation order on the merits is dispositive in determining her eligibility for Section 212(c) relief. Under Avila-Murrieta v. INS, 762 F.2d 733 (9th Cir.1985), Pang's failure to challenge the merits of her deportability to the Board following the IJ's denial of discretionary relief terminated her accrual of eligibility time for Section 212(c) relief. Id. at 736. The date of the Board's dismissal of Pang's appeal falls about one month short of the statutory requirement of seven years' domicile. Thus, the Board was correct in its finding that Pang did not present a prima facie case of Section 212(c) eligibility and in its decision to deny Pang's motion to reopen.
 
 
 18
 Pang contends, however, that since she appealed to the Board the IJ's first finding of deportability, she was not obligated to renew that argument in her second appeal to the Board. Had Pang's second hearing proceeded without any inquiry into her deportability, then there might be some merit to her claim. Yet, at the hearing on remand, IJ Daniel made clear to Pang's counsel: "As I read the Board of Appeals' decision, I think to avoid any particular problems that might exist I will just indicate that I will start the hearing as though this were a new case." R. 146. Pang's counsel agreed and then proceeded to challenge her deportability. Pang's counsel knew that Pang's deportability was at issue again, so he had notice that his failure to contest the issue at the hearing before the IJ or on appeal to the Board could be of some consequence. In fact, Pang's counsel challenged Pang's deportability again before the IJ but, for whatever reason, failed to appeal the IJ's order to the Board.
 
 
 19
 Pang also claims that she is eligible for relief under Sections 212(h) and 245 of the Act but has been denied any opportunity to present her request for relief. See 8 U.S.C. Secs. 1182(h), 1255. Since Pang raises this issue now for the first time on petition for review with this court, we lack jurisdiction on the issue. See Vargas v. U.S. INS, 831 F.2d 906, 907-08 (9th Cir.1987).
 
 
 20
 Accordingly, we DISMISS the petition.
 
 
 
 *
 The Honorable Philip M. Pro, United States District Judge, District of Nevada, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3