116 F.3d 1486
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ashok PRASAD, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 Nos. 96-70156, Acq-uwf-vmg.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 2, 1997**
Decided June 27, 1997.
 
 Petition to Review a Decision of the Immigration and Naturalization Service No. Azm-dem-jnl.
 Before: HUG, Chief Judge; FERNANDEZ and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ashok Prasad petitions for review of a decision by the Board of Immigration Appeals denying his request for waiver of deportation under § 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c).[1] We have jurisdiction, 8 U.S.C. § 1105a(a), and we deny the petition for review.
 
 
 3
 * Prasad contends that he was denied his due process right to a full and fair hearing because in a bond hearing the Immigration Judge who later presided over Prasad's deportation hearing set Prasad's bond at $ 250,000, a figure which Prasad asserts had no basis in law and which he contends was so punitive in nature that it could only reflect that the Immigration Judge had prejudged Prasad's claim for § 212(c) relief. We lack jurisdiction to consider this claim because Prasad did not raise it before the BIA. See Rashtabadi v. INS, 23 F.3d 1562, 1567 (9th Cir.1994) (procedural errors correctable by the BIA cannot be presented for the first time in petition for review). Moreover, the claim lacks merit, as Prasad has not included in the administrative record any evidence from the bond determination proceedings or any other evidence showing that the Immigration Judge was prejudiced against him. The fact that the Immigration Judge set a bond that was later reversed by the BIA does not itself show that Prasad's due process rights were violated.
 
 II
 
 4
 Prasad also contends that he was denied a full and fair hearing because the BIA did not have before it the full record of his deportation proceedings when it dismissed his appeal. Alternatively, Prasad claims that the Board abused its discretion in denying his claim for 212(c) relief because without benefit of the full transcript it could not properly have balanced the equities as described by Matter of Marin, Interim Decision No. 2666, 1978 WL 36472 (BIA 1978), and because its decision is replete with factual errors indicating that the Board erred in assessing the merits of Prasad's claim.
 
 
 5
 We disagree. Although regulations require deportation proceedings to be recorded, see 8 C.F.R. § 242.15, Prasad's counsel consented to the Immigration Judge's decision to summarize the unrecorded testimony subject to amendments by counsel, declined to offer any amendments to the Immigration Judge's summary, and agreed that the record was sufficient for the Immigration Judge to rule on Prasad's petition. Prasad has shown no prejudice from the absence of a verbatim transcript. See Avila-Murrieta v. INS, 762 F.2d 733, 736 (9th Cir.1985) (requiring alien to show prejudice in order to prevail on procedural due process claim); see also Ortiz-Salas v. INS, 992 F.2d 105, 106 (7th Cir.1993) (requiring alien who seeks reversal on the ground of a denial of due process that is due to an inaccurate or incomplete transcript to demonstrate that a complete and accurate transcript would have changed the outcome of the case).
 
 
 6
 Nor did the Board abuse its discretion in denying Prasad's § 212(c) claim for relief, as Prasad does not identify any factors that the Board should have considered but didn't. The Board did not err in concluding that none of his family members came forward in support of his application, as the names on the affidavits Prasad now contends were submitted by family members do not match the names of the siblings he provided on his application for relief, see A.R. at 84, and as Prasad identified the affiants as friends on his application. See A.R. at 65.
 
 
 7
 PETITION DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Section 304(b) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub.L. 104-208, 110 Stat. 3009 (Sept. 30, 1996) (IIRIRA), repealed section 212(c) of the INA and replaced it with "Cancellation of removal for certain permanent residents," now codified at 8 U.S.C. § 1229b(a). Because deportation proceedings were initiated against Prasad in 1995, IIRIRA's amendments do not affect this petition. See IIRIRA § 309 (effective dates)