**Rhodora V. DE GUZMAN, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 00–71168.

INS No. A70–635–281.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2001.*

Decided Aug. 30, 2001.

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

**690**

Before HAWKINS, TASHIMA, and GOULD, Circuit Judges.

MEMORANDUM **

Rhodora V. De Guzman, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing her appeal from an Immigration Judge's ("IJ") denial

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

of her application for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction under 8 U.S.C. § 1105a(a).[1]

We review factual determinations concerning a petitioner's eligibility for asylum under a substantial evidence standard, and we must uphold the BIA's decision unless the evidence compels a contrary result. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

Here, the BIA found that petitioner suffered past persecution on account of her political opinion, which entitled petitioner to a legal presumption that she has a well-founded fear of future persecution. *See Borja v. INS*, 175 F.3d 732, 737 (9th Cir. 1999) (en banc).

Petitioner contends that respondent failed to rebut the presumption of a well-founded fear of future persecution. We disagree. Because the INS produced evidence that conditions in the Philippines have changed to the extent that it is safe for petitioner to return, the BIA's decision that the INS rebutted the presumption of a well-founded fear of future persecution is supported by substantial evidence. *See Marcu v. INS*, 147 F.3d 1078, 1081–82 (9th Cir.1998).

Because petitioner had ample time to gather evidence about country conditions but failed to do so, the BIA did not abuse its discretion in affirming the IJ's denial of petitioner's motion for a continuance. *See Avila–Murrieta v. INS*, 762 F.2d 733, 736 (9th Cir.1985).

1. Pursuant to the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), the transitional rules apply, *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir. 1997), and we therefore have jurisdiction under 8 U.S.C. § 1105a(a), as amended by IIRIRA § 309(c)(1), *see Avetova–Elisseva v. INS*, 213 F.3d 1192, 1195 n. 4 (9th Cir.2000).

Because the evidence does not compel a finding of eligibility for asylum, petitioner cannot satisfy the more stringent standard for withholding of deportation. *See Fisher v. INS,* 79 F.3d 955, 965 (9th Cir.1996) (en banc).

Contrary to petitioner's contention, the past persecution suffered by petitioner is not so extreme as to warrant asylum despite changed conditions. *See Acewicz v. INS,* 984 F.2d 1056, 1062 (9th Cir.1993).

We deny as moot petitioner's request for reinstatement of the original term of voluntary departure. *See Contreras–Aragon v. INS,* 852 F.2d 1088, 1095 n. 5 (9th Cir.1988) (en banc).

**PETITION FOR REVIEW DENIED.**

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the