**Mohammad QURESHI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–72131.
Agency No. A72–542–267.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 26, 2005.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Maziar Razi, Sherman Oaks, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Mary Jane Candaux, Jacqueline Dryden, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before FARRIS, FERNANDEZ, and BYBEE, Circuit Judges.

## MEMORANDUM**

Mohammad Qureshi petitions for review of the Board of Immigration Appeals's denial of his application for asylum, withhold-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, G.A. Res. 39/46, U.N. GAOR, 39th Sess., Supp. No. 51, U.N. Doc. A/RES/39/46 (1984).

ing of removal and relief under CAT.[1] We deny the petition.[2]

(1) The BIA's determination that an alien is not eligible for asylum must be upheld if "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 815, 117 L.Ed.2d 38 (1992) (internal quotation marks omitted). "It can be reversed only if the evidence presented ... was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." *Id.* When an alien seeks to overturn the BIA's adverse determination, "he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Id.* at 483–84, 112 S.Ct. at 817; *see also Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995). Credibility determinations are judged by the same basic standard. *See Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004); *de Leon–Barrios v. INS,* 116 F.3d 391, 393 (9th Cir.1997). In that area, however, we have added that the determination "must be supported by a specific, cogent reason." *de Leon–Barrios,* 116 F.3d at 393 (internal quotation marks omitted); *see also Li,* 378 F.3d at 962. Moreover, where an asylum claim is involved, an alien must show either past persecution or a well-founded fear of future persecution that is "both subjectively genuine and objectively reasonable." *Fisher v. INS,* 79 F.3d 955, 960 (9th Cir.1996) (en banc).

---

2. Qureshi asserts that he was improperly denied a continuance, but he had years to prepare for the hearing and should have been prepared to put on such evidence as he had. There was no abuse of discretion. *See Gonzalez v. INS,* 82 F.3d 903, 908 (9th Cir.1996); *Avila–Murrieta v. INS,* 762 F.2d 733, 736 (9th Cir.1985); *cf. Baires v. INS,* 856 F.2d 89, 91 (9th Cir.1988).

Here Qureshi's asylum claim fails. The IJ's decision was the final agency determination, and the IJ found that Qureshi was not credible. We are unable to say that the IJ's decision was not supported by substantial evidence in the record. For example, the evidence supports a decision that Qureshi was not even in Pakistan during the period in which he was allegedly persecuted. Certainly, we cannot say that "no reasonable factfinder could fail to find" him credible. *Elias–Zacarias,* 502 U.S. at 484, 112 S.Ct. at 817; *see also Wang v. INS,* 352 F.3d 1250, 1259 (9th Cir.2003) (a single supported ground for an adverse credibility finding is sufficient).[3]

(2) Because Qureshi did not meet the eligibility requirements for asylum, he was not entitled to withholding of removal pursuant to 8 U.S.C. § 1231(b)(3). *See Ghaly,* 58 F.3d at 1429.

(3) Qureshi asserts that the IJ erred in deciding his CAT claim. However, on this record we cannot say that the evidence for the IJ's determination that Qureshi would not face torture upon his return to Pakistan compels a different conclusion. *See Ali v. Ashcroft,* 394 F.3d 780, 791 (9th Cir.2005). Nor can we say that she limited her CAT decision to consideration of Qureshi's discredited testimony. *Cf. Kamalthas v. INS,* 251 F.3d 1279, 1282–84 (9th Cir.2001).

Petition DENIED.

---

**3.** Qureshi asserts that the IJ also erred in noting that he had not supplied corroborating evidence. But that was proper where, as here, the IJ determined that he was not credible. *See Li,* 378 F.3d at 964; *cf. Kaur v.*

*Ashcroft,* 379 F.3d 876, 889–90 (9th Cir.2004) (if credible, corroboration not needed).

