**Ifzal AHMED, Petitioner,**

**v.**

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73567.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2006.*

Decided June 19, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Reem O. Awad–Rashmawi, Law Office of Reem O. Awad–Rashmawi, Sacramento, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Donald E. Keener, Esq., Alison R. Drucker, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: RYMER and T.G. NELSON, Circuit Judges, and KING,** Senior Judge.

## MEMORANDUM ***

Ifzal Ahmed petitions for review of the Board of Immigration Appeals' affirmance of the Immigration Judge's (IJ) denials of his motion for a continuance and his claims for asylum, withholding of removal, Convention Against Torture relief, and voluntary departure. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), and we deny the petition.

■ Regarding the continuance, Ahmed failed to show good cause for his attorney's lack of preparation for his merits hearing.[1] Ahmed and his first two attorneys had many years to prepare his asylum case and had notice that proceedings on the asylum claim would resume if the INS revoked Ahmed's visa.[2] Moreover, it was Ahmed's fault that his new attorney was not prepared. He hired her just before the hearing and did not inform her that the INS had revoked his visa.[3] Coupled with the many continuances the IJ already had granted Ahmed, she certainly did not abuse her discretion by denying Ahmed's latest request.[4]

■ As to Ahmed's claims for asylum and withholding of removal,[5] substantial evidence supported the IJ's adverse credibility finding.[6] Among other discrepancies the IJ cited, Ahmed's testimony regarding the stoning of his home was both internally inconsistent and inconsistent with his asylum application. Because Ahmed was unable to explain the discrepancies in his

---

** The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. See Avila–Murrieta v. INS, 762 F.2d 733, 736 (9th Cir.1985) (reviewing for an abuse of discretion an immigration judge's decision to deny a motion for a continuance).

2. Id.

3. Id. Even if Ahmed was not aware that the INS had revoked his visa, he knew well before the hearing that the INS intended to revoke it. Moreover, Ahmed's marriage ended approximately one year before the hearing. That should have alerted him that he no longer had status through his U.S. citizen wife.

4. See Biwot v. Gonzales, 403 F.3d 1094, 1099 (9th Cir.2005).

5. We do not agree with the Government that the IJ based her denial on a ground other than Ahmed's lack of credibility. Ahmed appealed that finding to the Board of Immigration Appeals and thus, we have jurisdiction to review it. See 8 U.S.C. § 1252(a)(1), (d)(1).

6. Shah v. INS, 220 F.3d 1062, 1067 (9th Cir. 2000) (reciting the standard applicable to adverse credibility findings).

testimony, the IJ had a legitimate basis for discrediting it.[7] Accordingly, we affirm the IJ's denial of asylum and withholding of removal.[8]

 Regarding Ahmed's claims for Convention Against Torture and voluntary departure, he did not exhaust his administrative remedies by raising the claims before the Board of Immigration Appeals. Thus, we lack jurisdiction to review them.[9]

**PETITION DENIED.**

---

7. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

8. *Id.*

9. *See* 8 U.S.C. § 1252(d)(1); *Farhoud v. INS,* 122 F.3d 794, 796 (9th Cir.1997).

